## WHITE *v.* LESZYNSKY.

WHERE, under the 4th Section of the Attachment Act of 1858, defendant puts in issue the truth of the facts alleged in the affidavit, to wit: "that defendant was about fraudulently to convey his property, to hinder, delay, or defraud, creditors;" proof, that defendant was able to pay the debt, that he put plaintiff off from time to time, and threatened to assign his property for the benefit of his creditors, if sued, is sufficient to go to the jury on the question of fraud.

And, a verdict for plaintiff will not be disturbed.   The statute does not contemplate conclusive proof of the intention to commit a fraud.

APPEAL from the Fourth District.

On the trial of the plea in abatement, after plaintiff had proved the facts set forth in the opinion, and rested, defendant moved to strike out all the evidence as insufficient to sustain the issue.

The Court overruled the motion, defendant accepted.

*Campbell & Pratt,* for Appellant.

*Heydenfeldt* and *H. C. Clark,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The plaintiff after suit brought on promissory notes, sued out an attachment against the defendant, under the Statute of 1858, (Pamphlet Acts, 152,) alleging as the ground of this process that the defendant was about fraudulently to convey his property, with intent to hinder, delay, or defraud, his creditors.   The defendant denied these allegations according to the 4th Section of that Act, and put in "issue the truth of the facts alleged in the affidavit."   Upon this issue a jury was impanneled who found for the plaintiff.   From this finding and the judgment, the plaintiff appeals.   The error assigned is, that there was no evidence to sustain the verdict.   The issue contemplated by the statute is an issue of fact, and properly triable by a jury.

Conceding for the case, that the defendant is properly here on this appeal, we think that he cannot maintain the assignment of error he makes.   The evidence may not have been by any means conclusive of the fraud charged; but certainly there was some evidence to be left to the jury; for example, the defendant's threats that he would assign his property if the plaintiff sued him—his contradictory statements—his putting the plaintiff off —his ability to pay, and his failure to pay a debt of so confidential a character, might well be left to a jury as proof of the issue. It is true, the counsel for Appellant argue that the defendant, when he threatened to assign his property meant no more than that he would take the benefit of the insolvent law.   But that is not so clear; when he said, "the *moment you sue*," or "when you sue, I will assign my property for the benefit of my creditors,"

Algier *v.* Steamer Marie.

we can hardly conclude that he meant he would file a petition which might or would result in an assignment for creditors. In such a case as this, where the plaintiff loaned the defendant money without any interest, and when the defendant, after long indulgence, replies to an application for payment, that, if sued, he will assign his property for the benefit of his creditors, we should interfere with reluctance with the verdict of a jury which determined the issue in favor of the creditor, though only based on this threat, and slight circumstances in corroboration. The statute could not have contemplated any conclusive proof of the peculiar ground of attachment relied on in this proceeding—the intention of the defendant to commit a fraud, the intention yet, of course unperformed, and not evidenced necessarily by any unequivocal overt act.

Judgment affirmed.