## BROWN V. PETERS.

Decided April 26, 1890.

1. *Homestead—Schedule necessary to prevent sale—Act of March 18, 1887.*

Although, under the act of March 18, 1887, a debtor does not lose his right of homestead by failure to claim it before sale, but may claim it when a suit for possession is brought, nevertheless, to prevent a sale, he must comply with the requirements of the statute (Mansf. Dig., sec. 3006) by filing a schedule of all his property.

2. *Schedule of homestead—What it must show.*

A schedule of a homestead which fails to set out all of the debtor's property or to allege that he is a resident of the State is defective.

APPEAL from *Crawford* Circuit Court.

JOHN S. LITTLE, Judge.

*O. P. Brown* and *L. P. Sandels* for appellant.

The right of exemption being purely a gift, a debtor must comply with the statute strictly. The statute is mandatory. Mansf. Dig., sec. 3006; 49 Ark., 116.

The law requires a showing under oath of *all* the debtor's property. The affidavit in this case alleges only that the land claimed is *all his real* estate. It is fatally defective. 49 Ark., 116; 47 Ark., 400; 42 Ark., 175; 40 Ark., 352.

The act of March 18, 1887, simply extends the time in which a homestead may be claimed. It does not change the mode of ascertaining and exempting it.

The affidavit must show, 1, that he is a resident; 2, the head of a family; 3, that he resides on the land and claims it as exempt; 4, he must make a schedule of *all* his property.

HEMINGWAY, J. The appellant recovered a money judgment against the appellee in the Crawford circuit court on the 12th day of April, 1883; on the 14th day of May, 1888,

an execution was issued upon said judgment and levied upon a tract of land.    Before sale under the execution the appellee claimed the land as exempt to him as a homestead, and the clerk of the court issued a supersedeas staying the sale.

The appellant presented his application to the circuit court to quash the supersedeas, alleging that "the affidavit was fatally defective;" the application was denied, and the appellant has appealed.

The schedule upon which the supersedeas issued and the accompanying affidavit are as follows:    "George Peters, the defendant, states that he is a·resident of the State of Arkansas, and the head of a family; that he is the owner of the following described real estate, the east half of the northeast quarter and the northwest quarter of northeast quarter, all in section 6, township 10 north, range 29 west, and the southwest quarter of southwest quarter of section 32, township 11 north, range 29 west.    That an execution had been issued by the clerk of Crawford circuit court on a judgment rendered against him by the Crawford circuit court in favor of said plaintiff, and that he claims as exempt from sale on said process the said described homestead."

"I, George Peters, do solemnly swear that the above schedule embraces all my real estate, and that the same is that which I claim as my homestead, and upon which I reside; that it does not exceed one hundred and sixty acres, and does not exceed in value the sum of twenty-five hundred dollars.                              GEORGE PETERS.

"Subscribed and sworn to before me, June 23, 1888.
                        BEN DECHARD, Clerk."

The defects alleged are, (1) that the schedule does not purport to set out all of the defendant's property, and (2) that the affidavit does not show that the defendant is a resident of the State.

The law regulating the issuance of a supersedeas in such cases provides, that if any party entitled to the benefit of ex-

emptions shall desire to claim them, he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, credits and choses in action, specifying the particular property which he claims as exempt, and file the same with the justice or clerk issuing the execution. This provision by its terms is not restricted to the claim of either kind of property, real or personal, but embraces all exemptions provided for in article 9 of the constitution. Mansf. Dig., sec. 3006.

That article provides for exemptions of personalty as well as of realty, and the court has held that the law referred to regulates the manner of claiming exemptions in lands and chattels. *Chambers v. Perry*, 47 Ark., 400.

2. Schedule necessary under act of 1887, to prevent sale of homestead.

As the law stood prior to the act of March 18, 1887, a debtor lost his right of homestead, if he failed to claim it and procure a supersedeas staying its sale. That act provides that in certain enumerated cases the right shall not be lost by such failure; but it does not provide that any supersedeas shall issue to stay a sale, and leaves the debtor's right to a supersedeas as it existed before. If, in any of the cases enumerated in the act, the homestead is sold, the debtor may subsequently claim it, and set up his right of homestead in a suit brought against him for its possession, but if he permits it to go to sale, he takes the chances of defeat in a trial upon that issue. If he would avoid these chances and protect the homestead from sale, he may procure a supersedeas to stay it, but to do that he must follow the law which gives that right. There is no right to a supersedeas except that contained in the statute first cited, and it prescribes the terms upon which the right may be enjoyed.

2. Schedule of homestead–What it must show.

If the debtor would not only save the property exempted to him from sale, but also avoid the clouding of his title and the hazards and expense of litigation, it is but right and fair that he should uncover and disclose what property he has that is subject to the demands of his creditors. That the law

exacts.    As the schedule fails to set out all of the appellee's property, no supersedeas should have issued.

It should appear by the affidavit of the debtor claiming exemptions that he is a resident of the State. *Guise v. State*, 41 Ark., 249.

The judgment will be reversed, and a judgment rendered, here that the supersedeas be quashed.    This will not prejudice appellee's rights to file a schedule according to law.