HANKS, AS ADMINISTRATOR, V. ANDREWS, AS EXECUTOR.

Decided May 31, 1890.

1. *Attachment—Finding of facts—Conclusiveness.*

Upon appeal from a judgment of the circuit court sustaining an attach-
ment for fraud, the court's findings of fact will be taken as conclusive
as far as the evidence warrants, and the strongest inference of fraud
will be deduced which their legal tendency will bear. [Compare
*Jones v. Glidewell, ante,* p. 161.—REP.]

2. *Fraud—Debtor's threat to dispose of his property.*

Where a merchant who, according to his representations to his creditor,
was doing a prosperous business upon assets three times greater than
his liabilities, threatened his creditor that, in case he declined to allow
an extension of time for the payment of his debt, or put the claim in the
hands of a lawyer for collection, he would make such a disposition of
his property as that the creditor would realize nothing, his conduct jus-
tifies the inference that he intended a fraudulent disposition of the
property.

APPEAL from *Phillips* Circuit Court.

M. T. SANDERS, Judge.

Appeal from a judgment of the circuit court sustaining an
attachment. The court found the facts as stated in the
opinion and held that they justified the inference of fraud.

*J. J. & E. C. Horner* for appellants.

1. The proof did not warrant the court in sustaining the
attachment. The burden was on plaintiffs to establish by a
preponderance of testimony the truth of some of the grounds
of attachment sworn to by their agent, Hunt. Mansf. Dig.,
sec. 381. The issue presented was an interlocutory trial be-
fore the judge. 34 Ark., 707. Attachments are in dero-
gation of common right, and are not specially favored by the
courts. 1 Wade on Att., sec. 2. The statutes are con-
strued strictly against those who employ them. 1 Ark.,

386. The acts of the defendant or his language are construed liberally. 32 Fed. Rep., 312.

2. Was the language used by Thomas a threat to dispose of his property in such manner as to defraud creditors? Unless it was, no attachment could be sustained by reason of its use. The language contained no declaration of intention to perform *any act* in the event the claim was given to a lawyer. To constitute a threat, the language must express an intention *to perform some act* which would be detrimental to the party against whom it is uttered. Webster's Dict. There is nothing in the language, nor in the prior conduct, of Thomas to indicate an intention to do any act to deprive appellees of their claim. In none of the cases cited were the facts proven analogous to those in this case. 14 Cal., 166. 34 La. An., 910. Threats are merely *prima facie* evidence of an intention to perform the act. Kneeland on Att., sec. 240. Wrong is not to be presumed unless plainly indicated. 26 Barb., 562.

A threat to make an assignment, which is an act authorized by law, is not grounds for attachment. 21 Hun, 574; 26 Barb., 562.

*U. M. & G. B. Rose* for appellees.

1. The evidence amply sustains the judgment sustaining the attachment. Threats on the part of a debtor justify an attachment. Reviewing 14 Cal., 166; 34 La. An., 910. The cases of 21 Hun, 574, and 26 Barb., 562, were overruled by 104 N. Y., 297. Threats even of a preferential assignment are not favored. 22 Ark., 187. They are only upheld when fairly made. 14 How. Pr., 64, overruling *Wilson v. Britton*, relied on by counsel. See also 3 Robertson, 626; 41 Miss., 68; 54 Miss., 312; 57 Miss., 493; Deady., 469; *Hope Lumber Co. v. Foster, ante,* p. 196.

2. Under the circumstances of this case, the only effect of the assignment was to delay and hinder creditors. 3

Barb., Chy., 644; 1 Sandf., Chy., 9; 15 Barb., 56; 18 Barb., 275. According to his own statements and letter, Thomas was solvent, and his assignment was void.

COCKRILL, C. J.    The question in this case is not what inferences we might be most inclined to draw from the testimony on a trial of the issue of fact; but taking the finding of the trial court as conclusive as far as the evidence warrants, and deducing from the facts disclosed the strongest inference of fraud which their legal tendency will bear, do they sustain the court's finding?

*1. Attachment—Conclusiveness of court's finding of facts.*

In that aspect, the case stands thus:    A merchant who, according to his representations to the attaching creditor, was doing a prosperous business upon assets three times greater than his liabilities, in order to get an extension of time for the payment of a debt, threatens his creditor that, in case he declines to allow the extension, and puts the claim in the hands of a lawyer for collection, he will make such a disposition of his property as that the creditor will realize nothing. Such a state of facts justifies the inference of fraud. No court, we take it, would disturb the verdict of a jury on such a showing. Drake on Attachments, sec. 75; *Bank v. Whitmore*, 104 N. Y., 297; *Anthony v. Stype*, 19 Hun (N. Y.), 265; *White v. Leszynsky*, 14 Cal., 165; *Livermore v. Rhodes*, 3 Robertson (N. Y.), 626.

*2. Fraud—Debtor's threat to dispose of property.*

The case is to be distinguished from a threat merely to make an assignment, which being a lawful act and standing alone furnishes no evidence of an intended fraudulent disposition of property. Bishop's Insolvent Debtors, sec. 203. While the subsequent execution of the assignment is evidence that that was the step contemplated by the debtor when he made the threat, we cannot say that the evidence did not justify the court in drawing a different conclusion. It may have been the result only of after honest advice from his counselors. According to the debtor's representations, more

than two-thirds in value of his assets were collectible choses in action. They are easily placed beyond the reach of creditors. The apparent insincerity of the debtor in his offer to secure the plaintiffs' claim and his prevarication about going to the bank to get money to pay it were circumstances the natural tendency of which was to produce the impression of an intent to gain delay for his private end. They do not well comport with a good motive. If his representations as to the value of his assets were true, it is not probable that any lawful disposition of them could have been made by a preferential assignment for the benefit of creditors, so as to exclude the plaintiffs from participation. It is not improbable, therefore, that his threat implied an unlawful disposition of his property. If his representations as to his assets were false, the falsehood does not increase confidence in his intention to make an honest disposition of them.

These were all pertinent facts for the consideration of the court trying the issue, and warrant the conclusion reached.

Affirmed.