## ROSENGRANT *v.* MATTHEWS.

Decided February 13, 1892.

1.  *Trespass—Cutting timber—Twofold damages.*
   One who cuts down trees from another's land, having no cause to believe and not believing that he has a right to cut them, incurs the penalty of double damages denounced by section 3868 Mansf. Dig., against any person who "knowingly" cuts down any tree upon another's land.

APPEAL from *Greene* Circuit Court.

J. E. RIDDICK, Judge.

Matthews & Whittaker recovered a judgment against Rosengrant for double damages for timber alleged to have been wilfully and knowingly cut by Rosengrant from land belonging to them. Defendant appealed. The facts sufficiently appear in the opinion.

Section 3868 Mansf. Dig., provides :

" Any person who shall knowingly cut down, destroy or carry away any tree, timber, lumber, staves or shingles made therefrom, contrary to sections 1659–1663,   \*   \*   \*   shall

---

\*An oral and unreported decision.—[REP.

be *   *   liable to the owner in double the value thereof,"
etc.

*J. C. Hawthorne*, for appellants.

The statute authorizing the recovery of double damages
is penal in its nature and should be strictly construed. The
pleadings and evidence does not support a verdict for double
damages. Appellant believed he had a right to cut the tim-
ber, and hence was not a wilful trespasser. 29 N. Y., 9;
17 Mo., 465; 8 Johns., 342; 25 N. Y., 123.

*L. L. Mack*, for appellees.

1. There is evidence to sustain the verdict, and this
court will not reverse upon its mere weight. 40 Ark., 168;
26 *id.*, 309, 496, 360, etc., etc.

2. The complaint charged defendant with *knowingly* and
*wilfully* entering upon the land and cutting the timber.
The court properly instructed the jury, and the verdict is
sustained by the evidence. Mansf. Dig., sec. 3868.

COCKRILL, C. J. The testimony of the witness Warren
warranted the jury in arriving at the conclusion that the de-
fendant Rosengrant had not probable cause to believe and
did not believe that the land on which he committed the
trespass was his own or that he had entered into a contract
to purchase it. They were therefore justified under the
statute in awarding more than single damages against him
for the timber cut by him.

The substance of Warren's testimony is as follows: He
was the agent for the plaintiffs for the sale of the land, with
limited authority. He received a proposition from Rosen-
grant to purchase, which he was not authorized to accept.
He informed him of that fact, but offered to submit the
proffer to his principals, accompanied by Rosengrant's draft
to cover the cash payment offered. The offer was rejected,
Rosengrant was notified of the rejection, and his draft
was returned to and retained by him. After that time, it
may be inferred from the abstract, he committed the tres-
pass by cutting the trees about which he is sued. His

own testimony makes a more favorable case for him, but the jury was not bound to accept his version and exclude Warren's.

No other question being presented by the appellant's abstract, the judgment is affirmed.