THE DUEBER WATCH CASE MANUFACTURING COMPANY

*v.*

MAX YOUNG.

226:30 LRA475

*Filed at Ottawa April 1, 1895.*

1. ATTACHMENTS—*when a debtor is "about" to dispose of property.* A debtor who has formed a fraudulent design to dispose of his property, which he is soon to carry out, is "about" to dispose of his property, within the meaning of the statute respecting attachments, whether the design is to be executed at once or after a little delay.

2. INSOLVENCY—*voluntary assignment is not a fraud on creditors.* A debtor in failing circumstances has a right to make a voluntary assignment for the benefit of creditors, and such assignment, when made in accordance with the statute, is not in fraud of creditors.

3. SAME—*failing debtor may prefer creditors.* A failing debtor has, in this State, the right to prefer creditors, where no assignment is made.

*Dueber Watch Case Manf. Co.* v. *Young*, 54 Ill. App. 383, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This was an action brought by the Dueber Watch Case Manufacturing Company, on the first day of August, 1889, in the circuit court of Cook county, by attachment, against Max Young, to recover $2545.79 for goods sold and delivered. The plaintiff's right to an attachment, as disclosed by the affidavit upon which the writ issued, is as follows: "That said Max Young is about fraudulently to conceal, assign or otherwise dispose of his property or effects, so as to hinder or delay his creditors." Issue was joined upon the affidavit for attachment, and the general issue filed to the claim of the plaintiff, which was set up by the common counts. These issues were tried together before a jury. The jury found the defendant not guilty on the attachment issue, and on the other

issue they found for plaintiff and assessed its damages at $738.07. The court rendered judgment on the verdict, and on appeal by plaintiff to the Appellate Court the judgment was affirmed.

FLOWER, SMITH & MUSGRAVE, for appellant.

MONK & ELLIOTT, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The judgment of the Appellate Court affirming the judgment of the circuit court is conclusive on the questions of fact presented by the two issues submitted to the jury. The only question, therefore, presented by the record for our consideration is, whether the court correctly instructed the jury on the questions of law.

It is not claimed that the court erred in any of its rulings, on the issue presented, in regard to the amount alleged to be due the plaintiff, but on the other issue, whether the defendant was about fraudulently to dispose of his property so as to hinder or delay his creditors, it is first claimed that the court erred in giving defendant's second, fifth and eighth instructions, as follows:

1. "The jury are instructed, that in the affidavit for attachment the words, 'is about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors,' import a fraudulent act then contemplated and about to be carried into effect, and not an act which, peradventure, may be done at some time in the future, but a fraudulent act on the very eve of consummation; and that unless the jury find, from the evidence, that at the time the writ was sued out the defendant had in view such fraudulent transfer, and was then about to consummate it, you should find for the defendant on the issue raised on the affidavit for the attachment."

5. "The jury are instructed, that upon the issue formed upon the affidavit in attachment, the only question is

whether, at the time the attachment writ was sued out, the defendant was about fraudulently to assign, conceal or otherwise dispose of his property, so as to hinder or delay his creditors in the collection of their debt."

8. "Any one who alleges that certain acts were done in bad faith or for a dishonest purpose, takes upon himself the burden of showing, by specific acts and circumstances tending to prove fraud, that such acts were done in bad faith; and in this case the jury would not be warranted in finding a verdict for the plaintiff upon the issue of the truth of the affidavit for attachment, unless they believe, from the evidence, that the defendant, at the time the attachment writ was sued out, was about fraudulently to assign, conceal or otherwise dispose of his property so as to hinder or delay his creditors."

The clause of our statute under which the attachment in this case was sued out, providing for an attachment, is as follows : "Where the debtor is about fraudulently to conceal, assign or otherwise dispose of his property or effects, so as to hinder or delay his creditors." When or under what circumstances a debtor should be regarded as about fraudulently to dispose of his property so as to authorize an attachment, is a question not entirely free from difficulty, and it would be very difficult to lay down a general rule which should govern all cases. We think the wiser and safer course to pursue is to leave each case, as it arises, to be governed by its own peculiar facts. Among the definitions given by Webster of the word "about," will be found the following: "In contiguity or proximity to ; not far from; in connection with; nigh; near." "In concern with; engaged in; dealing with; occupied upon." Under these definitions of the word,—and they may be regarded as correct,—a debtor could not be regarded as "about" to dispose of his property unless he had formed a purpose or design to do so. Whenever, therefore, it appeared that a fraudulent design had been formed which the debtor was soon to carry out, he might

then be regarded as about fraudulently to dispose of his property. If the design had been formed by the debtor, and preparation was being made to carry it out, whether it was to be executed at once, in a day or a week, could make no difference. In either event a creditor would be justified in taking out an attachment. The first part of instruction No. 1, which declares that the fraudulent act should be on the very eve of consummation, is inaccurate, but the last part of the instruction, as well as instructions 5 and 8, lays down the rule substantially correct, and the jury could not be misled by the inaccurate expression mentioned.

Complaint is also made of defendant's fourth instruction, which, in effect, informed the jury that a debtor in failing circumstances has a right to make a voluntary assignment for the benefit of creditors, and that such an assignment, when made in accordance with the statute, is not in fraud of creditors. We see no valid objection to the instruction. We are aware of no principle of law that it violates, and we do not see how it could mislead the jury.

Objection is also made to the seventh instruction, which, in substance, declared that a debtor has the right to prefer one or more creditors. Where an assignment is made, one creditor cannot be preferred over another, but where a debtor does not make an assignment and desires to pay one or more of his creditors, no reason is perceived why he may not do so. An instruction substantially like the one here involved was considered in *Schroeder* v. *Walsh*, 120 Ill. 403, and approved.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*