*Squire, Sanders & Dempsey,* for plaintiff.
*Garfield, Howe & Westenhaven,* for defendant.

## EVIDENCE AS TO CONCEALMENT OF PROPERTY.

[Circuit Court of Cuyahoga County.]

THE RAVENNA NATIONAL BANK v. JAY E. LATIMER.

Decided, October 29, 1906.

*Attachment—Burden of Proving Concealment of Property—Offers to sell at Low Figure—Weight of Evidence Presented by Affidavits—Reviewing Court in Same Position as Trial Court—Evidence Sufficiently Establishing Concealment of Property.*

1. Where a case is heard on affidavits, the reviewing court has the same means of judging as to the weight of the testimony or the credibility of the witnesses as the trial court, and should treat such testimony as though it were presented in the reviewing court for the first time.
2. An offer by a debtor to sell a piece of property at a low figure, and to accept notes and mortgage for all or a large part of the purchase price, it is not sufficient when standing alone to establish a purpose on the part of the debtor of placing his property beyond the reach of creditors.
3. But a charge of concealment of property will be regarded as sufficiently proven, where sustained by the testimony of a number of witnesses as to declarations made by the debtor at different times that he was execution proof and that his property had all been placed beyond the reach of creditors.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

Suit was brought by the bank against Latimer on a promissory note, and an order of attachment was issued against the defendant upon an affidavit filed by the plaintiff's attorney, charging as grounds therefor that the defendant was about to sell and convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors, and that said defendant had property or rights in action which he concealed.

The defendant moved to discharge the attachment on various grounds, none of which need here be considered except the third and fourth grounds. These read:

"3.  It is untrue that defendant is about to sell and convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors.

"4.  It is untrue that defendant has property or rights in action which he conceals."

In support of this motion the defendant filed his own affidavit, asserting that these matters contained in the affidavit upon which the order was granted, and mentioned in the third and fourth grounds of the motion, were untrue. This put upon the plaintiff the burden of sustaining the allegations in this regard.

The matter was heard in the court below upon affidavits, with the result that the court ordered the attachment discharged. To reverse this order error is prosecuted here.

We have before us in a bill of exceptions all the evidence on which the court acted, and this, as already said, is in the form of affidavits. It is true there are depositions in the bill, but these bear upon the ownership of the note sued on, and there is no question that the plaintiff was such owner, so that all we need consider is the weight of the evidence as appears by the affidavits.

It differs from the ordinary case in which we are called upon to determine in proceedings in error the weight of the evidence, in this, that whereas usually the trial court and the jury see the witnesses and can note their manner and bearing and so have better means of judging what weight should be given to their testimony than a reviewing court. In this case the trial court

did not have the witnesses before it, and had no better means of judging than this court has. In this respect the language used by Judge Gholson in the opinion in the case of *Harrison* v. *King*, 9 O. S., 397, does not apply. That language is:

"But there was offered on both sides what the code declares to be proper evidence, and we are called upon to review the decision of the court below as to the credibility of the witnesses and the weight to be given to their statements. We may very reasonably conclude from the different phases of the complicated controversy bringing the parties so frequently before the court, that the judge who decided the motion had advantages in forming an opinion which we do not possess."

There is nothing in this case to show or to make probable that the court below possessed any means of judging of these affiants not possessed by us. We are therefore to judge the matter as though the motion to discharge was addressed to us. So judging of it, we reach a different conclusion from that reached below on one phase of the case.

We do not think that the evidence was sufficient to show that the defendant was about to sell his property or convert it or a part of it into money for the purpose of placing it beyond the reach of his creditors. True, he offered to sell his farm at what was apparently a very low figure and to accept notes and mortgages for all or a large part of the purchase price, but this one who is in debt may do for the very purpose of getting means to pay his debts.

On the other question we think the court should have found that the defendant had property, which he concealed.

Jas. W. Holcomb makes affidavit that the defendant told him, on the 10th day of March, 1906—the affidavit for attachment was made on the 24th day of the same month—that he had no property that could be found on which to levy if judgment should be recovered against him; that he could pay the debt if he wanted to, but that his property was beyond the reach of his creditors. He says that again, on the 15th day of the same month, Latimer told him that he could pay a certain judgment which had been rendered against him if he wanted to, but that he would not; that he had no property that any one could find; that his property was out of the reach of his creditors.

B. B. Patterson makes affidavit that on the 20th of March, 1906, Latimer told him that he had plenty of property to pay any of his outstanding indebtedness, but that he could not be forced into paying anything he did not want to.

Jerome F. Patterson makes affidavit that on the 16th of March, 1906, Latimer told him that he had plenty of property with which to pay this note if he wanted to pay it, but that he was execution proof. He says this was repeated in his hearing March 20, 21 and 22, 1906, and that he heard him say to B. B. Patterson what said B. B. Patterson swears to in his affidavit.

He says, too, that on the 24th day of March, 1906, Latimer said to him that if he sued this note he could get nothing, but that his property would all be beyond the reach of his creditors. These conversations are denied and explained by Latimer, but it seems clear that the weight is decidedly with the plaintiff, that the statements were made and that they clearly show that the defendant was concealing his property to evade the payment of certain of his debts.

Remembering that there was nothing known of the appearance and character of the witnesses which is not known to us, and the fact being that two of the affiants are well known and reputable members of this bar, we reach the conclusion that these statements were made. If they were made and their truth is now denied, what is said in *Hanks* v. *Andrews*, 13 S. W., 1103, is decidedly in point. The language is:

"If his representations as to his assets were false, the falsehood does not increase confidence in his intention to make an honest disposition of them."

Finding as we do that the plaintiff sustained its allegation that the defendant had property which he concealed, the order discharging the attachment is reversed and the case remanded.

*J. F. Patterson,* for plaintiff in error.

*Smith, Taft & Arter,* for defendant in error.