Margaret Lawler, Defendant in Error, v. Samuel C. Herren, Plaintiff in Error.

Gen. No. 23,384.

1.  APPEAL AND ERROR, § 897*—*when transcript of record is sufficient.*  A transcript attached to the record of a case is sufficient and is not open to the objection that the certificate attached to the transcript does not certify that it embraces all of the evidence, where at the close of the transcript is a certificate of the trial judge "that the foregoing is a correct statement of the facts appearing upon the trial of the case and all questions of law involved in said case and the decisions of the court upon all such questions of law," and, at the close of the testimony, as it appears in the transcript, are the words, "which was all of the evidence received or offered on the trial of said cause."

2.  ATTACHMENT, § 246*—*when error in admission of evidence as to conveyance of real estate is immaterial.*  In an action of attachment it is immaterial whether there was error in the admission of evidence relating to a deed whereby defendant conveyed some real estate, where the affidavit for attachment set forth two grounds of attachment and alleged not only that defendant had fraudulently concealed and disposed of his property so as to hinder and delay his creditors, but also that he was, ";about to fraudulently conceal, assign, and fraudulently dispose of his property and effects for the purpose of hindering his creditors."

3.  TRIAL, § 85*—*when admission of evidence after presentation of motion for directed verdict is not error.*  It lies within the sound discretion of the trial court, after the defendant in an attachment action has presented a motion to instruct the jury to find the issues in his favor on the attachment issue, to permit the plaintiff to resume the stand for the purpose of giving further testimony as to representations which the defendant had made to her and on which her affidavit was based.

4.  APPEAL AND ERROR—*when error in permitting admission of evidence after presentation of motion for directed verdict is immaterial.*  It is immaterial whether or not the trial court erred in permitting the plaintiff in an attachment action, after a motion by defendant for a directed verdict, to resume the stand for the purpose of giving further testimony as to representations made by defendant and forming the basis of plaintiff's affidavit, where there

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

is already before the court sufficient evidence to warrant denial of the motion.

5. ATTACHMENT, § 46*—*what is sufficient ground for.* A statement by a debtor that if the creditor waits he will be paid, but, if not, the debtor will convey all his property so that the creditor cannot collect anything, furnishes a sufficient cause for the issuance of an attachment on the ground that the debtor is "about to fraudulently conceal, assign, and fraudulently dispose of his property and effects for the purpose of hindering his creditors."

6. ATTACHMENT—*what is proof of intention to convey property in fraud of rights of creditors.* The fact that a debtor has more than enough cash to his credit in a bank to satisfy the claim of a particular creditor is not proof of his intention not to convey his real estate as he threatened to do.

7. INSTRUCTIONS, § 19*—*when bad because argumentative in form.* In an action of attachment, based upon the fraud of defendant, an instruction that it was the duty of the plaintiff, if the false representations were made, upon discovery thereof, to have immediately taken action and disaffirmed the agreement between the parties within a reasonable time, and not to have permitted the defendant to go on after such discovery, if it was found that she did so permit him, and act in accordance with her investment, and that a person to whom fraudulent representations have been made must act promptly after the discovery of the falsity of the representations and not experiment and wait to see whether a loss will be sustained before electing what to do, was bad in form, being argumentative.

8. INSTRUCTIONS, § 118*—*when instruction is improper as inapplicable to evidence.* In an action of attachment, based upon fraud, an instruction as to the necessity of the plaintiff acting promptly after discovery of the false representations and not sleeping on his rights was improper, as being inapplicable to the evidence, where plaintiff commenced suit within two days after discovery of the fraud.

Error to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 3, 1918. *Certiorari* denied by Supreme Court (making opinion final).

COBURN & BENTLEY, for plaintiff in error.

DAVID K. TONE and HENRY M. ASHTON, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was an attachment suit brought by the defendant in error in which the jury found the issues in her favor, sustaining the attachment, and assessing her damages at the sum of $4,313.45, on which the trial court entered a judgment, as a result of which the defendant sued out this writ of error.

It is urged by the defendant in error that the judgment should be affirmed by reason of the fact that the certificate attached to the transcript of the record does not certify that it embraces all of the evidence. We believe that the transcript contained in the record is sufficient. At its close there is a certificate of the trial judge in which he certifies "that the foregoing is a correct statement of the facts appearing upon the trial of the case and all questions of law involved in said case and the decisions of the court upon all such questions of law." At the close of the testimony, as it appears in the transcript, are the words, "which was all of the evidence received or offered on the trial of said cause."

The defendant contends that the judgment of the trial court should be reversed by reason of alleged error committed in overruling his motion to instruct the jury to find in his favor on the attachment issue and in this connection, by reason of further error in admitting certain evidence on behalf of the plaintiff over defendant's objection. The court admitted some evidence with reference to a deed whereby the defendant had previously conveyed a piece of real estate. Whether or not this was error is immaterial and unimportant, in view of the fact that the affidavit for attachment set forth two grounds for the attachment and alleged not only that the defendant had fraudulently concealed and disposed of his property so as to hinder and delay his creditors, but also that he was "about to fraudulently conceal, assign, and fraud-

ulently dispose of his property and effects for the purpose of hindering his creditors.'' After the defendant had presented his motion to instruct the jury to find the issues in his favor on the attachment issue, the court permitted the plaintiff to resume the stand for the purpose of giving further testimony as to representations which the defendant had made to her on which she based her affidavit, and the defendant contends that this amounted to error. It was within the sound discretion of the trial judge as to whether or not he would permit the plaintiff to submit further evidence on this point, and the record does not disclose any abuse of this discretion. This question also becomes unimportant, however, in view of the fact that there was already in the record sufficient testimony to warrant the court in denying the defendant's motion, for, when the plaintiff was first on the witness stand, she had testified that, in talking with the defendant on December 1, 1915, about a week before she instituted this suit, and when urging him to make some payment to her, he had said: ''Now, if you will wait I will pay you every cent that I owe you, and, if you don't, I will convey my property and I will put everything out of my name, and you cannot collect a dollar off of me, and, if you will wait, I will give you this money.'' Such a statement by a debtor furnishes sufficient cause for the issuing of an attachment on the ground alleged by the plaintiff in her affidavit. *Dueber Watch Case Mfg. Co. v. Young,* 155 Ill. 226; *National Park Bank v. Whitmore,* 104 N. Y. 297; *Livermore v. Rhodes,* 3 Rob. (N. Y.) 626; 19 Hun (N. Y.) 625; *Hanks v. Andrews,* 53 Ark. 327; *Newman v. Kraim,* 34 La. Ann. 910. The defendant urges that the fact that the record discloses that he had more than enough cash to his credit in the bank to satisfy his indebtedness to the plaintiff clearly demonstrates that he had no intention to convey or dispose of his property, as alleged. On the contrary, the very fact

that this was the case would warrant the jury in find-
ing, if they believed the plaintiff's testimony as to her
conversation with the defendant of December 1st, that
the conveyance defendant was threatening to make
was one by which he intended to so fraudulently con-
ceal or otherwise dispose of his property as to hinder
or delay his creditors. *White v. Leszynsky,* 14 Cal.
166.

The defendant further contends that the trial court
erred in refusing to give the jury an instruction which
he tendered, reading as follows:

"The court instructs the jury that it was the duty
of the plaintiff in this case, if the jury find false rep-
resentations were made, upon the discovery thereof,
to have immediately taken action and disaffirmed the
arrangement or agreement between her and the de-
fendant within a reasonable time, and not to have per-
mitted the defendant to go on after such discovery,
if you find that she did so permit him, and act in ac-
cordance with her investment in the proposition. A
person to whom fraudulent representations have been
made cannot sleep upon or experiment upon their
rights in the matter, after the discovery that such
representations were false, but must act promptly and
not experiment or wait until the matter is known to
prove a loss or gain before electing what to do."

The defendant's contention is that, in view of the
evidence, it was the duty of the court to give this in-
struction. In our opinion the court was correct in the
ruling made as to this instruction. It is bad in form,
being argumentative, and, furthermore, the court
would not have been warranted in giving it, if it was
correct in form, by reason of the evidence which was
before the jury. Plaintiff's claim is made up of a
number of items, one of which was an amount of
money she stated she had advanced on defendant's
representation that he owned some land in Montana
containing valuable onyx deposits and that he was
forming or had formed a corporation, to which he

had conveyed this land, in consideration for which she was to receive stock in the corporation. The plaintiff testified that on December 1st she became aware of the fact that he never owned the land and had never conveyed it to the corporation. This suit was instituted two days later.

Finding no error in the record, the judgment of the Superior Court is affirmed.

*Affirmed.*