CAIN *v.* CHENNAULT.

4-4864

Opinion delivered December 13, 1937.

*Kenneth C. Coffelt* and *Wm. J. Kirby,* for appellants.

*W. H. Evans* and *Ernest Briner,* for appellee.

BUTLER, J. The appellants are the judgment debtors of the appellee who sued out an execution to be levied upon a tract of land in Saline county belonging to the appellants. Appellants attempted to prevent the levy of the execution and the sale thereunder by means of a schedule filed with the clerk of the court in which it was claimed that the property was their homestead, and therefore not subject to execution. On a hearing, the clerk refused to issue the supersedeas as prayed, and, on appeal to the circuit court, the supersedeas was denied and the schedule dismissed. At the hearing in the circuit court, one of the appellants testified, relative to the allegations in the schedule, that the lands constituted his homestead and there was no other testimony introduced on this subject save his own.

We do not indicate an opinion as to the effect and sufficiency of this testimony to establish the claim made for the reason that we find no record of an adjudication on that question being made by the court below which evidently dismissed the schedule on other grounds which appear to us to have been sufficient.

The appellants in this case endeavored to supersede the judgment against them and prevent the levy of an execution based thereon under the provisions of § 5549, Crawford & Moses' Digest, (Pope's Digest, § 7188). That section is as follows:

"Schedule—Supersedeas. Whenever any resident of this state shall, upon the issue against him for the collection of any debt by contract of any execution or other process, of any attachment except specific attachment against his property, desire to claim any of the exemptions provided for in article 9 of the Constitution of this state, he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, credits and choses in action held by himself or others for him and specifying the particular property which he claims as exempt under the provision of said article, and, after giving five days notice in writing to the opposite party, his agent or attorney, shall file the same with the justice or clerk issuing such execution, or other process or attachment, and the said justice or clerk shall thereupon issue a supersedeas staying any sale or further proceeding under such execution, or process, or attachment, against the property in such schedule described, and claimed as exempted, and by returning the property to the defendant and no alias execution shall be levied on property relieved from process by claim of exemption until one year from the date of the filing of the schedule of exemptions."

We do not set out the schedule as it would serve no useful purpose to do so, but deem it sufficient to call attention to the fact that it did not contain a list of all of the properties, including moneys, rights, credits and choses in action held by the appellants or by others for them, nor was it signed or verified by them. This was

attempted by their attorney who, himself, signed their names and verified the so-called schedule. This was not a sufficient compliance with the section quoted. In the early case of *Brown* v. *Peters,* 53 Ark. 182, 13 S. W. 729, this court said: ". . . he may procure a supersedeas to stay it, (the sale) but to do so he must follow the law which gives that right. There is no right to a supersedeas except that contained in the statute first cited, and it prescribes the terms upon which the right may be enjoyed.

"If the debtor would not only save the property exempted to him from sale, but also avoid the clouding of his title and hazards and expense of litigation, it is but right and fair that he should uncover and disclose what property he has that is subject to the demands of his creditors. That the law exacts." In that case the judgment debtor filed his schedule seeking to prevent the levy of an execution on certain land claiming same to be exempt as his homestead, but in that schedule as in the one in the case at bar, the property claimed as a homestead was described, but all of the property belonging to the judgment debtor was not set out. This court further said: "As the schedule fails to set out all of the appellee's property, no supersedeas should have issued." The signing and verification of the supersedeas must be by the debtor himself and not by his attorney. The schedule being fatally defective, the trial court correctly dismissed the same. See *Jones* v. *Dillard,* 70 Ark. 69, 66 S. W. 202.

The defects in the schedule were called to the attention of the appellants by the response to the schedule. No effort was made to amend the same in any particular, and the appellants, therefore, have no just cause for complaint.

Affirmed.