WARD *v.* NU-WA LAUNDRY CLEANERS, INC.

4-7044                                    170 S. W. 2d 381

Opinion delivered April 19, 1943.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*C. A. Cunningham* and *W. Leon Smith,* for appellee.

McFADDIN, J.   On September 3, 1941, appellee filed an action for debt in the common pleas court against appellant, and on November 13, 1941, a writ of attachment was issued and levied on two trucks (one of which was repossessed by the finance company). From a judgment in favor of the plaintiff on both the debt and the attachment, the case was appealed to the circuit court, where trial *de novo* on June 11, 1942, resulted in a jury verdict and consequent judgment for plaintiff for $542.14 on

the debt, and the sustaining of the attachment. Appellant here insists that the evidence was not legally sufficient to sustain the attachment.

On June 16, 1942, appellant filed, in the circuit court, his claim for personal property exemptions; and this claim was heard by the court on June 18, 1942, and a judgment entered disallowing the claim for exemptions. Appellant here insists that the circuit court erred in denying the claim for exemptions. We thus have two questions on this appeal: (1) Is the evidence legally sufficient to support the jury's verdict sustaining the attachment? (2) Is the evidence legally sufficient to sustain the court's judgment denying the exemptions?

We discuss these in the order listed.

### 1. The Attachment Question.

The jury's verdict sustained the attachment; so, under the long-established rule, we give the evidence its strongest probative force for appellee. *Hanks* v. *Andrews,* 53 Ark. 327, 13 S. W. 1102. The appellee was engaged in the laundry and clothes processing business, and its plant was at Blytheville, Arkansas. Since 1939 appellant, Ward, under contract with appellee, had operated a truck in the southeast Missouri territory, picking up laundry and clothes and having same processed at appellee's plant. He paid (or agreed to pay) appellee sixty-five per cent. of appellee's established price; and from the remaining thirty-five per cent. he paid his truck and delivery expense and received his profit. For some time appellant operated only one truck, then he put on an additional truck. In the spring of 1941, appellant became in arrears in his payment to appellee of the sixty-five per cent. mentioned above. When appellee's officers and managers pressed appellant for payment, he made promises, but did little else; and finally appellee filed the action for debt.

Thereafter, appellant continued his business operations with appellee; and promised a mortgage on his trucks, but for one reason or another never executed the mortgage. He owned two lots in Blytheville, and agreed

to sell these lots and pay appellee with the profits. He sold the lots for $700; and instead of paying appellee, he placed the net of several hundred dollars in a bank in Kennett, Missouri. When appellant was asked to sign a mortgage to the appellee, he tore up the mortgage and said he was quitting, and said he planned to sell one of his trucks to a man in Missouri, and was going to deliver the other truck to the finance company that held the title note on it. At that juncture, the appellee made affidavit and bond and had attachment issued, as previously mentioned. The affidavit for attachment stated that Ward was about to sell, convey or otherwise dispose of his property with the fraudulent intent to cheat, hinder and delay his creditors. This is the eighth ground of attachment under § 531 of Pope's Digest.

The circuit court submitted to the jury, as a special issue, whether the said ground of attachment existed; and the jury answered the question affirmatively. From the facts recited herein, it is clear that there was substantial evidence to sustain the verdict of the jury. The evidence to sustain the attachment in the case at bar was much stronger than in the case of *Hanks* v. *Andrews, supra.*

In this connection, we point out that the better practice is for the trial court to determine the existence of the ground of attachment rather than to submit that issue to the jury. As was stated in *Von Berg* v. *Goodman,* 85 Ark. 605, 109 S. W. 1006: "The statute contemplates the trial before the court of the issue raised as to the existence of grounds for attachment, and not by trial by jury. It was not reversible error, however, to submit this issue to the jury, though it is the proper practice for the court to determine this issue, instead of submitting it to a jury. *Holliday* v. *Cohen,* 34 Ark. 707." See, also, *Bank of Wynne* v. *Stafford & Wimmer,* 129 Ark. 172, 195 S. W. 397; *Ford* v. *Wilson,* 172 Ark. 335, 288 S. W. 712.

In the case at bar, neither side raised any objection about the procedure. The record shows that the appellant requested and secured two instructions to the jury on the attachment issue, so certainly no reversible error

can be predicated on submitting the attachment issue to the jury in this case; and since there was substantial evidence to sustain the jury's verdict, we therefore affirm the judgment of the circuit court on the attachment question.

## 2. The Exemption Question.

After the judgment was rendered sustaining the attachment, the appellant then filed his schedule of personal property exemptions, claiming to be a resident of Arkansas and a married man; and therefore entitled to $500 in personal property exemptions. In his schedule he listed only one Chevrolet truck of the value of $450; and he claimed that this was all of the property that he owned. Evidence was heard by the circuit court on the schedule; and the court denied the schedule on the ground (as we gather from appellant's motion for new trial) that appellant had willfully or intentionally failed to include all of his property in his schedule.

Exemption laws are designed to help honest people in distress, but these laws are not to be used as a means of encouraging or promoting dishonesty. 22 Am. Jur. 7-8. Exemption laws are beneficent in character, and are to be liberally interpreted; but the intentional or willful failure of the debtor to list all of his property necessarily results in the loss of his right to exemptions. In *Farris v. Gross,* 75 Ark. 391, 87 S. W. 633, 5 Ann. Cas. 616, this court held that the intentional failure or refusal of an execution debtor to include, in his schedule, a full disclosure of all of his personal property, including money, authorized a disallowance of his claim for exemption. In accordance with the above case and *Cain* v. *Chennault,* 195 Ark. 141, 110 S. W. 2d 1063, and the cases there cited, it is clear that if appellant willfully or intentionally failed to list all of his property, then the circuit court was correct in denying his claim for exemption. The burden was on appellant to show affirmatively his right to exemption. *Blythe* v. *Jett,* 52 Ark. 547, 13 S. W. 137, and the testimony of the appellant standing alone will not be regarded as undisputed in determining the legal significance of the evidence. *Metcalf* v. *Jelks,* 177 Ark. 1023, 8 S. W. 2d

462. There was substantial evidence to sustain the circuit court's judgment; and this being an appeal from a law court, the finding of the court on a controverted question of fact is conclusive, if supported by substantial evidence. 25 C. J. 163; 35 C. J. S. "Exemptions" 192, § 164.

The record reflects that the appellant claimed that he had spent all the money he had in the bank in Kennett, Missouri. Regarding the $1,200 in household furniture he originally owned, he claimed he had surrendered the furniture to the original seller, and that his wife had repurchased the same furniture (and this without any change of possession ever being shown). Regarding the other truck he owned in 1941, he claimed that the finance company had repossessed it and his wife had repurchased it. His wife, in her testimony, made no claim of having any separate estate except that she had worked for $10 a week for several months in appellee's laundry. These facts, with the other evidence in the record, constituted substantial evidence from which the circuit court could have found that appellant was hiding his property behind his wife's name; and since there was substantial evidence to sustain the court's finding, we affirm the judgment of the circuit court on the exemption question.

It follows that the judgment of the lower court is affirmed.