BANK OF ATKINS *v.* WIRTH.

4-7752                    190 S. W. 2d 445

Opinion delivered November 19, 1945.

*Hays & Wait,* for appellant.

*J. H. A. Baker,* for appellee.

McFADDIN, J.  This is an appeal by a creditor, resisting a debtor's claim for personal property exemptions.

In 1940, appellant obtained judgment against appellee in the justice of the peace court for $216.54 and interest and costs.  After *nulla bona* return, the transcript of judgment was filed in the office of the circuit clerk, and all subsequent proceedings have been on writs issued out of the circuit court (§ 8440 *et seq.,* Pope's Digest).  In 1940, appellant obtained an execution, but appellee filed his schedule of personal property exemptions, which was allowed.  No further effort for collection was made until 1944; and from that effort comes this appeal.

Appellee owned an undivided 1/6th interest, as tenant in common, in certain lands, and resided on the lands as his homestead. A partition suit filed by some of the other co-tenants resulted in a sale of the land. Appellee's net part of the proceeds from this land was $328.72. On June 13, 1944, appellant had a writ of garnishment served on the chancery commissioner who held the said $328.72 belonging to appellee. To secure the release of the funds caught by the garnishment, appellee filed in the circuit court his schedule of personal property exemptions as provided by § 7188 *et seq.*, Pope's Digest. He claimed the $328.72 was exempt as the proceeds of his homestead to be reinvested in another homestead; and he also claimed that all of his other personal property, together with this $328.72 made a total of less than $500 allowed him as his personal property exemption under the Constitution of Arkansas (Art. IX, § 2).

Appellant controverted the schedule, and a hearing was held before the circuit court without a jury on September 11, 1944; and at that hearing appellant introduced appellee's previous schedule (of 1940) in which appellee had listed and claimed as exempt certain household property itemized and valued as follows:

| | |
|---|---|
| "3 bedsteads @ $2.50 each | $ 7.50 |
| 2 bed springs @ $1.00 each | 2.00 |
| 1 rocking chair | 2.00 |
| 4 chairs @ $1.00 each | 4.00 |
| 2 mattresses @ $3.50 each | 7.00 |
| 2 feather beds @ $15.00 each | 30.00 |
| 8 pillow cases @ 0.25 each | 2.00 |
| 4 pillows @ $1.00 each | 4.00 |
| 15 quilts @ 1.25 each | 18.75 |
| 4 sheets @ $1.00 each | 4.00 |
| 1 homemade dining table | 1.00 |
| 1 cooking stove | 10.00 |
| 1 lot of dishes | 5.00 |
| 1 lot of cooking utensils | 4.00 |
| 1 set of knives and forks | 2.00 |
| TOTAL | $103.25" |

There was other property in the 1940 schedule, but the above is all of the property that could come under the classification of "household goods."

When confronted by this 1940 schedule, appellee testified that this household property had been previously sold. At the conclusion of the September, 1944, hearing, the circuit court, on motion of the appellant, appointed three appraisers ". . . .to view and appraise all the personal property belonging to the defendant, J. A. Wirth, make a complete list thereof, and extend against each item thereof the value that they, or a majority of them, shall find its value to be, and shall report their findings and the items and value of all the personal property of the said J. A. Wirth to this court."

On January 13, 1945, the appraisers reported, and the following is the list of the property and value:

| "Name of Article | Appraised Value |
| --- | --- |
| 1 Jersey cow | $50.00 |
| 1 double shovel | 0.50 |
| 1 iron beam plow | 1.50 |
| 2 hogs—butchered for home use | |
| 1 1930 Model A Ford—Sold | |
| 1 trailer as heretofore mentioned | 15.00 |
| We compute the total | $67.00" |

No exceptions were filed to this report, and no further evidence was offered by either side; and on January 15, 1945, the circuit court, on the evidence of September 11, 1944, and this report of the appraisers, entered judgment reading, in part, as follows:

"The defendant filed his schedule of exemption, to which the plaintiff objected, and thereupon three householders were appointed, sworn and viewed the scheduled property. They reported to the court that the said property did not exceed the exemptions allowed by law, whereupon the court found that the property claimed as exempt by the defendant did not exceed $500. . . .

"It is therefore the judgment of the court that *super-sedeas* issue in favor of the defendant, and the garnishment be dismissed."

From an unavailing motion for new trial, based on nine assignments, the bank brings this appeal. Many interesting questions are discussed by counsel in the briefs, two of which are:

1. Does a co-tenant have the right of homestead in property held in co-tenancy?

2. Do the proceeds of a homestead, sold in partition proceedings brought by another co-tenant remain as exempt, when the homestead debtor says he intends to reinvest the said proceeds in another homestead as soon as the funds come into his hands?

But we find it unnecessary to explore or discuss these questions, because there is substantial evidence in the record to sustain the judgment of the circuit court on the fact question, irrespective of these law questions. The judgment is sustainable on the facts for either one of the alternatives below:

1. The appellee testified that he had disposed of the household property (as previously listed and itemized); and his wife also testified to like effect. On this evidence the circuit court could have based his judgment, that the debtor did not own such household property.

2. The circuit court might also have reached the conclusion that, even counting the household property, and the proceeds of the land sale, still the debtor's property was within the $500 exemption allowed by the Constitution; for this calculation could have been made:

a. Value of money in hands of Chancery Commr. ............................................................$328.72

b. Household goods, as heretofore itemized... 103.25

c. Property shown by appraiser's report to circuit court ..................................................... 67.00

Total................................................................$498.97

In short, the circuit court heard the case and rendered judgment, and there is substantial evidence to sustain the court; and we said in *Ward* v. *Nu Way Laundry Cleaners*, 205 Ark. 713, 170 S. W. 2d 381:

"There was substantial evidence to sustain the circuit court's judgment; and this being an appeal from a law court, the finding of the court .on a controverted question of fact is conclusive if supported by substantial evidence. 25 C. J. 163; 35 C. J. S. 192, 'Exemptions,' § 164."

Affirmed.