POWERS *v.* LONG.

4-9952                                         253 S. W. 2d 359

Opinion delivered December 22, 1952.

*Dorothy Yancy* and *J. Roy Howard,* for appellant.

*Carl Langston* and *Wayne Foster,* for appellee.

WARD, Justice. This appeal presents only one question: Did the trial court err in refusing to admit a photograph in evidence?

On August 26, 1951, appellees, Ernest E. Long, his wife and a minor child, Sammie Hardin, were driving east on Denny Road in Pulaski County in a Ford car when their car collided with a car being driven in the opposite direction by appellant, Oliver H. Powers. It appears that the cars collided near the top of a steep grade. All the appellees were injured and suit was brought against Powers.

The complaint alleges negligence on the part of Powers in that he was driving on his left side of the road without keeping a proper lookout and without the exercise of due care. The answer denies the above allegations and contains an allegation of contributory negligence in that Ernest E. Long, the driver of the car in which appellees were riding, was driving at an excessive rate of speed and did not keep a proper lookout.

The trial before a jury resulted in a judgment against Powers in favor of all the appellees. No contention is made that the judgments are excessive.

One of the important points raised during the trial was the exact position on the road relative to the center line at which the cars collided. It is not disputed that they hit approximately head on, with the left portion of one car hitting about the same place on the other car.

The evidence was conflicting with each side attempting to fix the point of contact on the road at a place most favorable to it.

The question about which we are concerned arose when appellant's witness, Bill Johnson, offered in evidence a photograph showing the two cars in what was purported to be the position they were in when the collision occurred. Johnson, a deputy sheriff, was called to the scene of the accident soon after it happened and

having learned that a boy had made a picture of the cars obtained from him the film or picture in question.

When the picture was offered in evidence objection was made and the following occurred between the Court and Johnson:

"Court: Sheriff Johnson, does that fairly represent the entire highway there as you saw it there?

"A. Yes, sir, with the exception that it will have to be explained. This car here as I have said, from the shoulder to the back of the car was three feet. You see, this car was going east. That is on the south side. This picture being taken at an angle, it makes this picture look wider than it really is."

. . . . . . . .

"Court: I think I am going to rule this picture out because it does not show the entire width of the highway there. It shows one side of the highway and as Mr. Johnson says, it was taken at an angle and it gives you a false impression of the width of the highway with respect to the particular side that is shown, and since it is not—does not include the entire highway, and since it was taken at an angle, I believe I will rule the picture out as inadmissible."

The picture in question is attached to the record and from an observation of the same we agree with the Court that it does not show the entire width of the highway. In fact there is no way of telling from the picture the relative positions of the cars with respect to the north and south lines of the road. The picture also indicates that it was taken at such an angle that it might give the wrong impression relative to certain distances, as was admitted by Johnson.

The witnesses testified as to the relative positions of the cars with reference to the sides of the road and, though the testimony on behalf of the plaintiffs conflicted with that of the defendant, the picture would have thrown no light on the question. It appears to us

that the picture might have given the jury an erroneous impression and thus been more harmful than helpful to the jury in arriving at the true situation.

Under these circumstances the offer of the picture in evidence presented a question addressed to the discretion of the trial judge, and we think he did not abuse his discretion in refusing to admit the same.

The well-established rule regarding the introduction of photographs in evidence is stated in 32 C. J. S. at page 625 in these few words:

"The admission or rejection of a photograph is a matter which rests largely in the discretion of the trial judge. . . ."

The footnote reference to this rule shows that it is approved by many cases in many different states and that Arkansas is among them. Our Court has affirmed the rule in numerous cases, among which are: *Dermont Grocery & Commission Company of Eudora* v. *Meyer,* 193 Ark. 591, 101 S. W. 2d 443; *Arkansas Power & Light Company* v. *Marsh,* 195 Ark. 1135, 115 S. W. 2d 825; and *McGeorge Construction Co.* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566. In the opinion of the last-cited case, at page 515, appears this statement:

"The admissibility of this photograph, in the circumstances, was within the sound discretion of the court."

As we have stated above, it does not appear that the trial judge abused his discretion in refusing to admit the photograph in evidence in this case. This court sustained the trial court in such refusal in the *Meyer* case and the *Marsh* case, *supra,* under circumstances less favorable to such ruling than in this case, it seems to us.

No error appearing, the cause is affirmed.