STAIR *v.* JONES.

5-426                                              269 S. W. 2d 297

Opinion delivered June 21, 1954.

*W. J. Arnold,* for appellant.

*Ivan Williamson* and *Ben B. Williamson,* for appellee.

ED. F. MCFADDIN, Justice.    From a judgment in his favor for $100.00, the plaintiff has appealed; and claims errors to have been committed which caused the Jury verdict to be much less than the plaintiff thinks it should have been. We will refer to the parties as they were styled in the Trial Court.

Plaintiff Stair sued Willie Jones and his son, Herman Jones, for damages for cutting and removing timber from plaintiff's lands; and in aid of the damage suit, plaintiff had a writ of attachment levied on personal property of the defendants. The defendants filed (a) a general denial to the complaint, and (b) a motion to dismiss the attachment, claiming damages of $500.00 for

wrongful levy. The case was submitted to the Jury on both issues—*i.e.*, the unlawful cutting of the timber, and the attachment question—and resulted in a verdict for the plaintiff for $100.00. On appeal to this Court, the plaintiff lists for reversal the three assignments which we now discuss:

I. *Testimony and Instructions About Defendants' Tax Certificates.* In accordance with *Peek* v. *Henderson*, 208 Ark. 238, 185 S. W. 2d 704, the Trial Court instructed the Jury as to the three separate measures of damage available to one who seeks to recover for timber taken from his land by a trespasser—*i.e.*, treble damages under what is now § 50-105, Ark. Stats.; double damages under what is now § 54-203, Ark. Stats.; and the common law rule of simple damages. The correctness of these instructions is not questioned. In the evidence, the defendants admitted that they cut approximately 5,311 feet of timber from Stair's land, and that such timber had an actual value of approximately $20.00 per thousand. Under the rule of *Sturgis* v. *Nunn*, 203 Ark. 693, 158 S. W. 2d 673, the defendants would not be liable for treble damages if they honestly believed they owned the timber and had a right to cut it. Under the rule of *Rosengrant* v. *Matthews*, 55 Ark. 440, 18 S. W. 541, the defendants would not be liable for double damages if they had probable cause to believe and did believe that the land was their own.

The defendants testified that they thought they were cutting timber from a 40-acre tract immediately east of the plaintiff's land, and that they were innocently mistaken in getting on the plaintiff's lands. In support of such claim of innocence, the defendant, Willie Jones, testified that the forty acres immediately east of the plaintiff's land had been owned by Koppers Company; and Jones had talked to representatives of Koppers, and "they told me if I wanted it, it was mine, I considered that good enough."[1] Thereupon, Jones learned that the

---

[1] This quoted testimony appeared on Tr. 105, and was admitted without objection. There had previously been objections to other portions of the testimony, but there was no objection to this.

Koppers' 40-acre tract was delinquent, and purchased it at the County Clerk's sale for taxes. To the above testimony there was no objection. When defendants offered to introduce the Certificate of Purchase, dated November 10, 1952, the plaintiff objected.[2] The Court sustained the plaintiff's objection, and the Certificate of Purchase was not introduced; but later, when Willie Jones was on the witness stand, he gave the following evidence *without* objection:

"Q. At the time you cut the timber on the Koppers land, state whether or not you honestly believed you owned it and had a right to cut it.

"A. I absolutely did.

"Q. You had a certificate of purchase where you bought it at a delinquent land tax sale?

"A. I sure did.

"Q. You honestly thought you had a right to cut it?

"A. Yes, sir."

Because the plaintiff allowed the foregoing testimony to be admitted without objection, he is in no position to claim that the Court committed any error in the admission of evidence about the tax certificate.

The plaintiff's requested Instruction No. 6 read:

"There has been some testimony introduced here about a tax sale purchase. This will instruct you that the purchaser at a tax sale has no right to cut the timber on a tract that he purchased at such sale."

The Court modified the Instruction, and gave it as follows:

---

[2] The plaintiff's objection was:

"Plaintiff objects to the introduction of the certificate or to questions relating to it generally and for the following specific reasons: 1. A certificate of purchase conveys no interest in either land or timber and would be no justification for cutting timber. 2. A certificate of purchase is redeemable within the period of redemption and in this particular case, F. F. Mobley and Son Lumber Company did properly redeem this land and therefore defendant's certificate of purchase would convey no right, either to title to the land or timber on the land."

"You are further instructed, there has been some testimony introduced in this case with reference to purchase of the property involved at a tax sale and the payment of taxes; this evidence will be considered by you only in determining the willfullness or intention of the defendants."

Of course, the tax certificate gave Jones no right to cut the timber. (See *Hendrix* v. *Black*, 132 Ark. 473, 201 S. W. 283.) But the question was not whether Jones had a *right* to cut the timber, but whether he acted *willfully* and with no cause for honestly believing he had a right to cut the timber. The fact that he had the conversation with Koppers Company (admitted without objection, as heretofore copied), coupled with the fact that he had a tax certificate (which fact was admitted without objection, as heretofore copied), together justified the Court in submitting to the Jury the issue contained in the modified Instruction No. 6, in regard to Jones' good faith. The finding of the Jury, awarding plaintiff only simple damages, shows that the Jury evidently believed that Jones had not acted willfully, or without probable cause. Because of the issues here concerned, we find no error in the Instruction as given.

II. *Refusal to Admit Photographs.* Plaintiff, Stair, had five photographs, which the Court refused to admit in evidence, and such refusal is assigned as error. Four of these photographs depicted the blaze marks on the South boundary of Stair's 40-acre tract. The fact that there were blaze marks on the *South line* of Stair's land would not have clarified the issues in this case, because the trespass was not from a North to South direction, but from an East and West direction. The South line of Stair's land was an extension of the South line of the 40-acre tract that Jones thought he was on when he cut the timber. So these four photographs in no way clarified the issues. The fifth photograph offered by Stair showed the stumps of two or three trees. The cutting was admitted, so these photographs added nothing to clarification.

We have repeatedly held that the admission or rejection of a photograph is a matter which rests largely in the discretion of the Trial Court. *Lee* v. *Crittenden County,* 216 Ark. 480, 226 S. W. 2d 79, and *Powers* v. *Long,* 221 Ark. 400, 253 S. W. 2d 359, and other cases therein cited. In the case at bar, it is not shown that the Trial Court abused its discretion in rejecting the tendered photographs.

III. *Submitting the Attachment Issue to the Jury.* In *Ward* v. *Nu-Wa Laundry,* 205 Ark. 713, 170 S. W. 2d 381, we said:

"In this connection, we point out that the better practice is for the trial court to determine the existence of the ground of attachment rather than to submit that issue to the jury. As was stated in *Von Berg* v. *Goodman,* 85 Ark. 605, 109 S. W. 1006: 'The statute contemplates the trial before the court of the issue raised as to the existence of grounds for attachment, and not by trial by jury. It was not reversible error, however, to submit this issue to the jury, though it is the proper practice for the court to determine this issue, instead of submitting it to a jury. *Holliday* v. *Cohen,* 34 Ark. 707.' See, also, *Bank of Wynne* v. *Stafford & Wimmer,* 129 Ark. 172, 195 S. W. 397; *Ford* v. *Wilson,* 172 Ark. 335, 288 S. W. 712."

In the case at bar, as in *Ward* v. *Nu-Wa Laundry,* the Jury verdict sustained the attachment, and the Court rendered judgment in accordance therewith; so we fail to see how the plaintiff, Stair, has shown prejudicial error to have been committed against him. He claims that when Jones testified as to how much he was inconvenienced by the levy of the attachment on his truck, the effect was to arouse the sympathy of the Jury in Jones' favor, and to materially reduce the plaintiff's verdict. That argument is highly speculative: the main issue was whether the plaintiff was entitled to single, double, or treble damages. The Jury awarded him single damages, and we see no sound foundation on which to base an argument that the verdict for single damages was caused by the evidence as to the defendants' inconvenience because of the attachment. At all events, the Jury sustained

the plaintiff's attachment, so certainly the "sympathy" did not go far enough to give the defendants a verdict. It would have been far better for the Court to have settled the attachment issue, without submitting it to the Jury; but in view of the verdict for the plaintiff, we do not see how the plaintiff can now be heard to claim prejudicial error on the attachment issue.

Affirmed.