Freeman et al. vs. Mears et al.

*2 CRIMINAL PLEADING: None on forfeited bail bonds.*

---

## FREEMAN et al. vs. MEARS et al.

PRACTICE:    *Entering judgment nunc pro tunc against sureties in an appeal bond without notice.*

If on appeal from a justice of the peace judgment be recovered against the appellant and his sureties in the appeal bond, and the clerk omit to include the sureties in the entry of the judgment, a *nunc pro tunc* judgment may be entered against them at a subsequent term without notice to them.

APPEAL from *Arkansas* Circuit Court in Chancery. Hon. J. A. WILLIAMS, Circuit Judge. *Pinnell*, for appellant. *Brown, contra.*

ENGLISH, C. J.    Andrew J. Mears and Green W. Boat-right obtained a judgment before a justice of the peace of Arkansas county against George W. Stewart, and he ap-

pealed to the circuit court, executing an appeal bond, with William J. Childress and Augustus L. Freeman as his sureties. The cause was tried anew in the circuit court, at the September term, 1875, and judgment rendered against Stewart, in favor of Mears and Boatright, for $125 and costs, but the clerk omitted to enter judgment against Childress and Freeman, sureties in the appeal bond. At a subsequent term a judgment *nunc pro tunc* was entered against them, which they moved to set-aside, on the ground of want of notice, showing no defense to the merits or irregularity in the appeal bond. The court overruled the motion, and they afterwards obtained the allowance of an appeal by the clerk of this court.

Notice was given to appellants that an application for judgment against them would be made, though they were in court, and none was necessary. *Rogers v. Brooks, 31 Ark., 194.*

Affirmed.