CLEVELAND *v.* COZART.

Opinion delivered October 22, 1904.

1. DEATH OF DEFENDANT—WAIVER OF REVIVOR.—Where the death of defendant was suggested by plaintiff, and a motion was made to revive the cause in the name of his administrator, the appearance of such administrator in filing an answer in which he alleged that he was the administrator, and that the cause was revived in his name, was equivalent to a waiver of summons and of a formal order of revivor. (Page 516.)

2. PLEADING—INCONSISTENT ANSWERS.—Where, after the death of a defendant, his administrator filed an answer in which he waived the issuance of summons and a formal order of revivor, a substituted answer which was in effect a plea in abatement for want of revivor, and which set up no defense to the merits, was properly stricken from the files. (Page 516.)

Appeal from Lonoke Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

On the 9th day of August, 1899, B. H. Cozart brought suit against George W. Moore for $426.83 for money due upon account and upon contract. At the February term, 1900, the death of Moore was suggested, and the cause was continued to be revived in the name of such administrator of Moore's estate as might be appointed by the probate court. At the August term, 1900, H. P. Cleveland, as administrator of the Moore estate, filed an answer setting up "that Moore had died since the institution of the suit, and that he had been appointed administrator, and that this suit has been revived in the name of the administrator," etc., and denying the indebtedness sued for. Thereafter at the February term, 1901, H. P. Cleveland, administrator of Moore's estate, filed a substituted answer as follows:

"Comes H. P. Cleveland, administrator of the estate of George W. Moore, deceased, and for a substituted answer says: That this action was instituted against George W. Moore on the 9th day of August, 1899, upon an account. That on the .... day of .........., 1900, the said George W. Moore departed this life, and on the .... day of .........., 1900, the defendant was by the probate court of White county appointed administrator of his estate. Defendant says that on the 12th day of February, 1900, a motion was filed by plaintiff in this court asking that said cause be revived in the name of this defendant as administrator, but says that no revivor thereof has been had, as appears from the record in this court. Denies that any order of revivor has ever been made by this court or that any copy of any such order has ever been served upon him as by statute provided, or that he has ever waived the same. Denies that any notice of such application to revive has ever been given to him, and denies that he has ever consented to such revival. Wherefore he prays this cause may abate."

Thereafter at the February term plaintiff moved the court to strike the substituted answer from the files, and the court sustained the motion. The defendant excepted to this action of the

court, and declined to plead further. Thereupon the court gave judgment for plaintiff, from which defendant has appealed.

*Gatewood & Gatewood,* for appellant.

The sufficiency of a pleading must be raised by demurrer, and not by motion to strike. 20 Am. & Eng. Enc. Law, 988; 166 Ill. 361; 148 Ind. 196; 20 N. Y. Sup. Ct. 810; 26 N. Y. App. Div. 900; 10 Ohio St. 505. The court erred in sustaining the motion to strike. 30 Ark. 536. It was necessary that the cause be revived. 56 Ark. 312. Revivor must be by order of court, on motion properly made. Sand. & H. Dig. § 5926; 41 N. Y. 211; 46 Miss. 39; 1 Miss. 245; 6 Wis. 352; 89 Mo. 617; 94 Mo. 346; 25 Mo. 88; 81 Ala. 335; 7 Tenn. 137; 2 Tenn. 68; 5 Tenn. 245.

*J. H. Harrod,* for appellee.

The answer admitted revivor, and appellant is bound by same. 19 Ark. 319; 32 Ark. 470; 55 Ark. 126; 69 Ark. 219.

WOOD, J. After the death of the defendant was suggested, and a motion was made to revive the cause in the name of his administrator, the appearance of such administrator in filing an answer in which he alleged that he was the administrator, and that the cause had been revived in his name, was equivalent to a waiver of summons and a formal order of revivor. *State Fair Asso.* v. *Townsend,* 69 Ark. 219.

The court did not err in striking from the files the substituted answer, which was in conflict with the original, and set up no defense to the merits.

Judgment affirmed.