---

OURAND VS JOHNSON ET AL.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 127).

1. *Attachment—Forthcoming Bond—Defendant Not Liable On, When.*

The defendant is not liable on a forthcoming bond given by him in an attachment suit in which judgment was rendered against him where execution was stayed on account of his discharge in bankruptcy and wherein his wife, as interpleader, has subsequently recovered judgment for possession of the property.

2. *Same—Interpleader—Necessary Proof.*

>An interpleader claiming ownership of property which is the subject-matter of attachment proceedings, is not required to set up a defense to plaintiff's claim against defendant.

3. *Costs—Discretionary with Court for Continuance.*

>Appellant announced ready for trial on one of the days of the May term of court, and on said day found he was not ready for trial. The court did not nonsuit him but continued the cause upon conditions which plaintiff failed to comply with. At a subsequent day of said term, the court having overruled his motion for a withdrawal of his announcement of ready, on motion of defendant taxed the costs of the term to him and continued the case. *Held;* No abuse of discretion by the court. It was for the court to say whether the appellant had placed himself in such position to have the cause continued, and it was for the court to say, in its discretion, at whose costs the case should be continued.

4. *Appeal—Review of Alleged Error.*

>Where the record on appeal does not disclose any order of the court overruling or passing upon appellant's motion to retax costs, such question is not before the court and will not be considered.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice Wm. H. H. Clayton, June 11, 1900.

Action by John D. Ourand against Harry Johnson, in which Lizzie Johnson interpleads. From an order overruling motion for judgment against defendant and his bondsmen on the forthcoming bond, and from a judgment for the interpleader, plaintiff appeals. Affirmed.

Appellant brought this suit upon a judgment debt recovered in the county court of Grayson county, Tex., and at the time of filing suit a writ in attachment was issued, alleging grounds for attachment under the statute. Said writ was levied on certain furniture, as the property of appellee, in a

house where he and his wife, Lizzie Johnson, the interpleader in this action, lived with their family. Appellee was allowed to retain possession of the property attached, upon his request, by giving bond. The appraisers fixed the value of the pro-perty at $450, and appellee gave bond for the forthcoming of said property or its value of $450, signed by himself, H. F. Schreiner, and J. J. McAlester. This filing of suit, levy of attachment, and giving bond was all done on the 23d day of August, 1898. Afterwards, on January 30, 1899, appellee's wife, Lizzie Johnson, filed an interplea in the case with a bond, claiming the property attached as her own. Thereafter, on February 15, 1900, appellee filed a petition in the court to be adjudged a voluntary bankrupt, and was so adjudged, and on the 9th day of May, 1900, was discharged. On June 15, 1900, this cause came on for hearing upon answer of appellee denying the debt and denying alleged grounds for attachment. The question of debt and attachment were submitted to the court, and the court, after hearing the evidence, found for appellant for his debt as claimed and on the attachmentbranch of the case and rendered judgment thereon, and further found that execution on said judgment would be forever stayed and suspended for the reason that appellee was on the 9th day of May, 1900, discharged of his debts, including this one, in bank-ruptcy proceedings pending in this court. Thereupon appellant moved for judgment against appellee and his bondsmen on the forthcoming bond for the property or its value, $450. The hearing of this motion was postponed by the court in order to hear and determine the interplea of Lizzie Johnson. Appellant filed his demurrer to the interplea of the said Lizzie Johnson, which demurrer was by the court heard and overruled, to all of which appellant excepted. Thereafter the hearing of the claim of the interpleader, Lizzie Johnson, was called by the court, and after trial before the court by a jury the jury returned a verdict for the interpleader for the goods in question, for

which appellee and his bondsmen had given their forthcoming bond. The court pronounced judgment in favor of the inter_ pleader and against the appellant on the verdict of the jury, and that she have, retain, and recover the property attached and her costs. On June 15, 1900, appellee filed his motion for new trial, and on June 15, 1900, appellant filed a motion for new trial on the question of interplea, both of which motions were overruled and exceptions duly allowed on the 29th day of June, 1900. Previously, on June 26th, the court heard the motion of appellant for judgment against the bondsmen, and the court found, the property for which the forthcoming bond was given having been awarded to the interpleader, that said motion should not be sustained and overruled the same, and pronounced judgment against appellant, that he take nothing by his suit against defendant and his said bondsmen on the forthcoming bond, and that appellee recover of plaintiff his costs. On November 20, 1899, a day of the May, 1899, term, the following order was made by the court: "On this, the 20th day of November, 1899, it is ordered that this cause be, and is hereby, continued until December, 1899, term of this court, at the cost of plaintiff, and if the costs of this term be not paid or secured on or before December 5, judgment is to go for defendant." No exception seems to have been taken to this order of court on the part of appellant, although in the motion for new trial mention is made that such exception was taken, but on December 2, 1899, appellant filed his motion to retax costs in the case for the reasons that illegal and un- just fees are being claimed by witnesses of defendant and interpleader, supporting same by affidavit as follows: "That plaintiff (appellant) is wrongfully and unlawfully taxed with the costs of this cause at the May term, 1899. Affiant says that on the 20th day of November, 1899, this cause was reg- ularly called for trial, both parties being present by their counsel, whereupon counsel for plaintiff announced ready for trial,

and counsel of defendant acquiesced and the trial began before
the court without a jury, upon the issues of debt and attach-
ment, and plaintiff offered his testimony, to which defendant
(appellee) made objections, and, objections being overruled
by the court, appellee then made motion orally to continue
the cause, which motion was by the court granted over the
protest of plaintiff, through his counsel, this affiant, and upon
continuing the cause upon said motion of defendant (appellee),
the court, also upon motion of defendant (appellee), charged
the costs of said term to plaintiff; that upon the ordering of
the costs of the term to be paid by plaintiff (appellant) he
interpleader had three witnesses    *    *    *    to claim
witness fees in the case to the amount of $27; that said three
witnesses have their places of business within call of the court-
house, and there was no necesstiy for them to remain at the
courthouse six days." It does not appear that said motion
to retax costs was ever presented to or ruled on by the court
below. It appears from the record, as amended on a writ
of certiorari, that on July 1, 1899, which was one of the days
of the May, 1899, term of court, the matter of debt and at-
tachment was submitted to the court, the plaintiff and de-
fendant had their witnesses in call. Plaintiff offered his
evidence. The court sustained the objections of defendant to
the evidence, and then the plaintiff orally moved the court
to withdraw his announcement of ready for trial, and to be
allowed to announce not ready and to move a continuance
of the cause, which motion was taken under advisement, where-
upon defendant excused his witnesses and returned home.
And thereafter, on the 20th day of November, 1899, being
one of the days of the May, 1899, term of court, plaintiff called
up his motion to withdraw his announcement of ready for
trial, and the court overruled such motion, and plaintiff refused
to ask for a continuance. Defendant refused to make any
announcement, whereupon, at the request of defendant, the

court ordered the cause continued, at the cost of plaintiff.

*M. M. Winningham* and *W. E. Rogers*, for appellant.

*J. S. Arnote*, for appellees.

GILL, J. (after stating the facts). Appellant files the following specifications of error: (1) The court erred in not sustaining appellant's motion for judgment against appellee and his bondsmen on his forthcoming bond, made upon the finding of the court of judgment for appellant for his debt as claimed and judgment sustaining the attachment. (2) The court erred in overruling appellant's demurrer to the interpleader's interplea. (3) The court erred in charging appellant with the costs of the term at the May term, 1899, when a continuance was asked for by appellee and to him granted. (4) The court erred in overruling appellant's motion for new trial. (5) The court erred in overruling appellant's motion to retax costs.

First. Did the court err in refusing appellant's motion for judgment against appellee and his bondsmen? The bond given by appellee is as follows: "In the United States Court in the Indian Territory, Central District. Case No. ———. John D. Ourand, Plaintiff, vs Harry Johnson, Defendant. We undertake and are bound to the plaintiff, and John D. Ourand, in the sum of nine hundred dollars, that this defendant, Harry Johnson, shall perform the judgment of the court in this action or that the undersigned    *    *    *    will have the personal property levied upon in this action attached in this action or its value Four Hundred and Fifty Dollars, forthcoming and subject to the order of this Court for the satisfaction of such judgment. Harry Johnson. H. F. Schreiner. J. J. McAlester." By this bond the appellee and his

sureties agreed that they would perform the judgment of the court in the action, or that they would have the property attached in the action or its value, forthcoming and subject to the order of the court, for the satisfaction of such judgment. The judgment of the court in this action was against appellee Johnson and in favor of appellant, both upon the original cause of action and on the attachment, but the judgment on the interplea was in favor of Mrs. Johnson and against the appellant. The conditions of the undertaking were that Harry Johnson should perform the judgment of the court in this action, or that the bondsmen would have the personal property or its value, forthcoming and subject to the order of court. The judgment of the court in the action upon the interplea was that the property should be returned to its owner, the interpleader, Mrs. Johnson, and on this judgment the appellant would have no claim whatever against this property nor against this bond.

Second. Did the court err in overruling appellant's demurrer to the interplea of Lizzie Johnson? The demurrer reads as follows: "Now comes plaintiff, John D. Ourand, and demurs to the interplea of Lizzie Johnson herein, for the reason that said interplea states no defense to plaintiff's cause of action against defendant or his bondsmen herein."

This demurrer was, we think, properly overruled. The interpleader, Lizzie Johnson, made a claim for the property attached. She did not have to make any defense whatever in the original case, and because she does not make her claim of interplea vulnerable to demurrer.

Third. Did the court err in charging appellant with the costs of the term at the May, 1899, term, when a continuance was asked for by appellee and granted to him? From the

record it appears that appellant announced ready for trial in July, 1899, one of the days of the May term of court, and on said day found he was not ready for trial, and the court, instead of nonsuiting him after the trial had begun, continued the hearing of the case under conditions. Appellant failed to comply with these conditions, but at a subsequent day of the term of court, the court having overruled his motion to withdraw his announcement of ready, on motion of defendant taxed the costs of the term to him and continued the case. We do not think this was an abuse of discretion by the court. It was for the court to say whether or not appellant had placed himself in such position as to have the cause continued, and it was for the court to say, in its discretion, at whose costs the case should be continued.

Fourth. Inasmuch as we have found that there was no error in the court's action, there is no error in the court's having overruled appellant's motion for new trial.

Fifth. For the reasons given in response to the third claim of error by appellant, and for the further reason that the record does not disclose any order of the court overruling or passing upon appellant's motion to retax costs, we do not consider that question as being properly in this court for adjudication.

Finding no error in the record, the judgment of the court below is affirmed.

TOWNSEND and LAWRENCE, JJ., concur.