## VON BERG *v.* GOODMAN.

### Opinion delivered April 6, 1908.

1. ATTACHMENT—PRACTICE.—It was not reversible error to submit to the jury the question as to the existence of grounds of attachment, though the better practice is for the court to determine this issue. (Page 607.)

2. EVIDENCE—WRITTEN CONTRACT—SUBSEQUENT PAROL AGREEMENT.—No rule of evidence is violated by allowing proof of a subsequent parol agreement changing the terms of a written contract. (Page 607.)

3. ACTIONS—JOINDER.—Where a contract for the lease of land stipulated that the lessee should pay rent and should make certain repairs or pay the damages for failure to do so, a cause of action for damages for failure to make such repairs may be joined with one to recover rent. (Page 607.)

4. JUSTICES OF THE PEACE—JURISDICTION.—An action to recover damages for breach of a contract to make repairs on land is an action on contract of which justices of the peace may have jurisdiction in certain cases, and not an action to recover damages to land. (Page 608.)

5. LANDLORD AND TENANT—DAMAGES.—Where a lease stipulated that the lessee, in addition to rendering part of the crop, should make certain repairs, and that certain damages should be paid on failure to make the repairs, the damages so-called constituted a part of the rent, upon the lessee's failure to make the repairs, and a lien therefor existed in the landlord's favor as well as for the value of the stipulated part of the crop. (Page 608.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; reversed.

*Appellant, pro se.*

1. If appellant gave his consent to the removal of any of the crop before the payment of rent (which is denied), it was without consideration, was a mere license, and was revocable at will. Appellee admits that appellant ordered him not to remove any more corn until the rent was paid, and that thereafter he did remove corn without paying rent, and was doing

so when the attachment was levied. Appellant had the right, therefore, to attach. Kirby's Digest, § 5040, subdiv. 1 and 2; 37 Ark. 609; 34 Ark. 696; 60 Ark. 617. A waiver, to be binding, must operate by way of estoppel or be supported by a valuable consideration. 72 Ark. 529; 28 Am. & Eng. Enc. of L. (1 Ed.), 531; 75 N. Y. 453; 31 Am. Rep. 476; 45 Tex. 168; 53 Tex. 68; 37 Am. Dec. 750; 30 N. Y. 164; 86 Am. Dec. 365; 49 Ill. 368.

2. The court erred in admitting testimony to show an oral agreement which would tend to change, alter or modify the written agreement. 65 Ark. 333; 67 Ark. 62; 71 Ark. 185; 73 Ark. 451; 75 Ark. 206; 66 Ark. 393; 66 Ark. 445; 71 Ark. 289; *Id.* 185; 64 Ark. 650.

3. It was error to submit to the jury the question as to the grounds for attachment. This was a question of law.

4. The court erred in excluding from consideration the question of damages for defendant's failure to repair the fence. That he should repair certain fences around the premises was a part of the written contract, and also that if he failed therein he should pay plaintiff reasonable damages therefor. 36 Ark. 648; 30 Ark. 683; 63 Ark. 259.

5. There is no misjoinder of actions. Kirby's Digest, § 6079, subdiv. 1; 1 Ark. 252; 33 Ark. 107; *Id.* 316; 32 Ark. 733; 56 Ark. 391; 45 Ark. 594.

*Walker & Walker*, for appellee.

1. The landlord's lien cannot be extended beyond the terms of the statute. 80 Ark. 244; Kirby's Digest, § § 5032-3.

2. No error in admitting testimony to prove the subsequent verbal contract. Brown on Parol Ev., 99 and cases cited.

McCulloch, J. Appellant rented his farm in Washington County to appellee for the year 1906, a written contract being entered into whereby the latter agreed to cultivate the farm and deliver to appellant, as rent, one-third of the products thereof, and to put in good repair at his own expense certain fences on the place. The contract concludes with the following paragraph:

"It is agreed by the said Goodman that, in case he fails to comply with the conditions of this contract, the dam-

ages arising from such failure shall be a lien on his part of the crop on said place, and the said crop is not to be removed till after such damages, determined as above, shall have been paid in full."

Appellant instituted this action against appellee before a justice of the peace to recover the alleged value of one-third of the crop raised on the demised premises and damages for failure to cultivate a part of the cleared land, and also to recover the cost of the repairs stipulated for in the contract which it is alleged appellee failed to make. He sued out a landlord's attachment, which was levied on the crop, for the amount of his claim.

The case was tried in the circuit court on appeal, and judgment was rendered for appellant for a sum less than he claimed, the attachment was dissolved, and he appealed to this court. Appellee traversed the affidavit for attachment, and that issue was also submitted to the jury, and a verdict was rendered against sustaining the attachment.

Error of the court is assigned in the rulings of the court in the trial of both branches of the case—the attachment and the main action.

The statute contemplates the trial before the court of the issue raised as to the existence of grounds for attachment, and not by trial by jury. It was not reversible error, however, to submit this issue to the jury, though it is the proper practice for the court to determine this issue, instead of submitting it to a jury. *Holliday* v. *Cohen,* 34 Ark. 707.

The issue thus submitted was whether or not the contract permitted appellee to remove his part of the crop from the premises before gathering the whole of the crop. It was not error to allow appellee to testify concerning a subsequent parol agreement modifying the written contract to the extent that he was permitted to remove his part of the crop before gathering the whole and delivering appellant's part. No rule of evidence is violated by allowing proof of a subsequent parol agreement changing the terms of a prior written contract.

The court by its instruction excluded from the jury the consideration of the amount claimed for cost of repairing fence. This was error. The contract required appellee to repair the

fence, and expressly provided that he should pay the damages for failure to do so, which would include the cost thereof. It was not a misjoinder of causes of action to include this in the action to recover the rent. The action to recover upon this item was one on the contract as well as the action to recover the rent, and both could properly be joined in one action. Kirby's Digest, § 6079. It was not an action to recover damages to the land, therefore the justice of the peace had jurisdiction to entertain it.

The effect of the terms of this contract was to constitute the cost of repairing a part of the rent to be paid by appellee, and on his failure to perform that part of the contract appellant was entitled to recover the cost as a part of his rent due under the contract. Denominating it damages, instead of rent, in the contract did not alter the character of the obligation. Even if no lien on the crop could be claimed for the cost of the repairs, that did not prevent the joinder of the item in the action for rent. But, as it was in fact stipulated for as a part of the rent, we hold that a lien existed for that as well as for the value of the part of the crop stipulated in the contract. It is true, as contended by counsel for appellee, that the landlord's lien cannot be extended beyond the terms of the statute (*Few* v. *Mitchell,* 80 Ark. 243), even by express stipulations contained in the contract; but contingent amounts stipulated to be added as part of a rental price, where they in fact form a part of the consideration for the use of the demised premises, are to be so treated, and the statute gives a lien therefor. The parties cannot put into the contract that which is not rent and by calling it rent create a lien on the crop for the amount (*Roth* v. *Williams,* 45 Ark. 447) ; but, if it is in fact a part of the rental price, its character as such is not changed because the liability therefor attaches upon the happening of some contingency, such as the failure to make repairs.

There is no error in the proceedings as to the attachment, except in so far as that issue was affected by the error in refusing to allow the claim for cost of the repairs to be considered; but, as the jury may have reached a conclusion that the grounds for attachment were not sustained for the reason

that appellee removed no more of the crop than his share, the error may have been prejudicial on both issues.

Reversed and remanded for a new trial.