### WEIBEL *v.* BEAKLEY.

Opinion delivered May 17, 1909.

ATTACHMENT—WHEN SUSTAINED.—Under Kirby's Digest, § 414, providing that "if a judgment is rendered in favor of the plaintiff, and no affidavit or answer, verified by oath, by the defendant filed, denying the statements of the affidavit upon which the attachment was issued, or motion made to discharge it, the court shall sustain the attachment," the court is required to sustain an attachment whenever the defendant fails to file either an affidavit denying the grounds of attachment or a motion to discharge the same.

Appeal from Lawrence Chancery Court, Western District; *George T. Humphries,* Chancellor; reversed in part.

*C. T. Burns, J. W. Blackwood* and *J. G. Dunaway,* for appellant.

Sec. 416, Kirby's Digest, requires the defendant to controvert the grounds for attachment under oath. This not having been done, the attachment should have been sustained. Kirby's Dig., § 414. The testimony shows that defendant obtained the money from plaintiff by questionable methods; that he was a bird of passage—an adventurer without any fixed place of abode. The sheriff's returns on the writs were conclusive. 11 Ark. 368; 40 Ark. 141.

*H. L. Ponder,* for appellee.

No warning order was ever indorsed on the complaint, and no publication of same was ever had. No attorney was appointed for the non-resident defendant. Such proceeding is contrary to law. 71 Ark. 318. The court had no jurisdiction, and the administrator could give the court none by his answer nor by his consent. 56 Ark. 331. To entitle appellant to recover for contribution, he must show the payment of the amount due was not voluntary, and that Peters, deceased, for whom he paid it, was insolvent at the time of payment. 55 Cal. 106; 67 Conn. 147; 59 Am. Dec. 639; 16 Mass. 40; 112 Ala. 185; 1 Cox, 318; *Id* 275; 2 Dana, 296; 12 Ala. 225. Appellant must further show that he made an effort to collect from principal before he paid it, and without success. 3 Munf. 484; 32 Am. Dec. 92.

BATTLE, J. On the 24th day of January, 1907, J. E. Weibel brought an action against T. E. Peters, in the Lawrence Circuit Court for the Western District of Lawrence County, and alleged in his complaint that Peters, by his promissory note dated the 30th day of January, 1905, agreed to pay him the sum of $250, on demand, with interest at the rate of six per cent. per annum from that date until paid, and had failed to pay the same, although often requested to do so.' And plaintiff further alleged that he, on the 7th day of April, 1905, paid to the Jonesboro Trust Company the sum of $711.65 in full satisfaction of a note executed by the defendant as principal and plaintiff as surety to the Jonesboro Trust Company, on the 7th day of February, 1905,

by which they promised to pay to it, sixty days after that time, the sum of $700, and ten per cent. per annum interest thereon from date until paid; and that the defendant had failed to pay the same or reimburse the plaintiff. He asked for judgment against the defendant for $250 and interest due on the first-mentioned note, and for the $711.65 and ten per cent. per annum interest thereon from 7th day of April, 1905.

Plaintiff made and filed an affidavit on the 24th day of January, 1907, stating, among other things, that the defendant was a non-resident of the State of Arkansas, and filed the necessary bonds, and sued out an order of attachment against the defendant. Summons was issued on the same day, but was returned not served. The order of attachment was executed by the sheriff, to whom it was directed, levying on certain lands of the defendant, and was so returned.

The defendant having died, the action was revived in the name of J. N. Beakley, the administrator of T. E. Peters, deceased. As such administrator, he answered and admitted the execution of the note as set out in the first paragraph of the complaint, and that the amount claimed is due thereon; and denied that the plaintiff, on the 7th day of April, 1905, or at any other time, paid to the Jonesboro Trust Company $711.65 in discharge of a note held by that company, upon which he was surety.

He denied the existence of two grounds of attachment, but did not deny, in his answer or separate affidavit, that Peters in his lifetime and during the pendency of this action was a non-resident of this State.

This action was transferred by consent to the Lawrence Chancery Court.

The court, after hearing the evidence, rendered a judgment against the defendant for $1,260.94, and dissolved the attachment, and the plaintiff, excepting to the dissolution, appealed. The defendant did not appeal.

The statutes of this State provide: "An attachment obtained at the commencement of an action shall be sustained or discharged at the time that judgment is rendered in the action, unless for sufficient cause the court extends the time of deciding it. * * * If judgment is rendered in favor of the defendant, the attachment shall be discharged. If judgment is rendered in favor of plaintiff,

and no affidavit or answer, verified by oath, by the defendant filed, denying the statements of the affidavit upon which the attachment was issued, or motion made to discharge it, the court shall sustain the attachment." Kirby's Digest, §§ 412, 413, 414.

In this case no affidavit, or answer verified by oath, denying that Peters was a non-resident of this State, at and since the action was commenced (which was a ground of the attachment) or motion to discharge the attachment, was filed; and the court should have sustained the attachment; the administrator of the deceased defendant having, by answering, entered his appearance, waived service of summons and warning order (*Cleveland* v. *Cazort,* 72 Ark. 514), and judgment having been rendered in favor of the plaintiff.

The judgment in favor of the plaintiff is affirmed, and the order discharging the attachment is reversed, and the cause is remanded with directions to the court to sustain the attachment and enforce the same.