## Burgener *v.* Spooner.

### Opinion delivered January 26, 1925.

1. ATTACHMENT—EFFECT OF GIVING DISCHARGING BOND.—The fact that the defendant in an attachment suit executes a discharging bond does not, under Acts 1891, p. 56, preclude him from controverting the grounds of attachment, and consequently no judgment can be entered against the surety on such bond where the attachment is not sustained.

2. JUSTICES OF THE PEACE—NUNC PRO TUNC JUDGMENT ON APPEAL BOND.—Under Crawford & Moses' Dig., §§ 6513, 6531, providing for appeal bond on appeals from justices of the peace, and that

if, on appeal, the judgment be against the appellant, judgment shall be against him and his sureties, *held* that where the judgment against the appellant omits the sureties, a *nunc pro tunc* judgment may be rendered against them at a subsequent term.

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*J. Allen Eades,* for appellant.

Circuit courts have no power, after the expiration of the term, to vacate or modify a judgment or final order, except in the mode and for the causes specified in the Civil Code. 46 Ark. 552; 85 Ark. 605.

*Edward Gordon,* for appellee.

The court did not err in entering the order *nunc pro tunc* against the surety after the lapse of the term. 35 Ark. 278.

McCULLOCH, C. J. This is an appeal from a summary judgment entered *nunc pro tunc* by the circuit court of Conway County in favor of appellee against appellant as surety, on an appeal bond executed on appeal from a judgment of a justice of the peace to the circuit court.

Appellee instituted before a justice of the peace of Conway County an action against Joe Spooner to recover a debt in the sum of $150, alleged to be due for rent of land. There was an order of attachment issued and levied on crops raised on the leased premises, and defendant Spooner gave a discharging bond, with appellant Ralph Burgner as surety.

Appellee also instituted another action against Joe Spooner, before the same justice of the peace, to recover a lot of personal property. An order of delivery was issued and served, and the defendant Spooner gave a retaining bond, with appellant as surety.

The two cases were consolidated and tried together before a justice of the peace, and the trial resulted in a judgment in favor of the plaintiff, who is the appellee on this appeal. Joe Spooner, the defendant, obtained an appeal to the circuit court, and the two causes were consolidated there and tried together, resulting in a ver-

dict and judgment in favor of appellee against Joe Spooner, for the sum of $75 as rent and for a portion of the personal property sued for in the action of replevin. The court rendered judgment against Joe Spooner on the verdict, but failed to render any judgment against the surety. At a subsequent term of the court, appellee filed a motion against appellant, as surety on the appeal bond, for judgment to be entered *nunc pro tunc.* Upon the filing of the motion a summons or notice was issued and served on appellant, and thereafter the court heard the motion, and rendered judgment in accordance with the prayer thereof, against appellant, for the amount of the original money judgment against the defendant Spooner.

Appellant argues the case as if the summary judgment appealed from was rendered on the attachment bond, and he contends that, inasmuch as there was a verdict of the jury dissolving the attachment, there could be no judgment rendered on that bond. The contention of counsel would be sound if he were correct in stating that the judgment was rendered on the attachment bond. The statute (Crawford & Moses' Digest, § 525) was taken from the Civil Code, § 242, and provides for the execution of a discharging bond in attachments. The digester failed, however, to include the amendment to this section by the act of March 6, 1891 (Act 1891, p. 56), adding a proviso as follows: "Provided, that the giving of this bond by the defendant shall not preclude his right to controvert the existence of the ground stated by the plaintiff in his affidavit for the order of attachment." Another section of the statute (Crawford & Moses' Digest, § 542) provides that if, in an action where there is an attachment, the plaintiff recover against the defendant, and the attachment shall be discharged upon the execution of a bond, "the court shall render judgment against the defendant and his sureties in said bond for the amount recovered and the cost of the suit." This section was impliedly amended by the act of 1891, *supra,*

to the extent that judgment can only be rendered against a surety where the attachment is sustained, for the provision permitting the defendant in the action to controvert the ground of attachment, notwithstanding the execution of a bond, necessarily implies that if, on such contest, the attachment is not sustained, the surety is not bound. In this case the attachment was dissolved by the verdict of the jury, and this discharged the surety from any liability on that bond. Appellant was, however, the surety on the appeal bond, and, as before stated, that was the bond on which the court rendered judgment.

The statute provides (Crawford & Moses' Digest, § 6513) that, on appeal from a judgment of a justice of the peace, the appellant shall give bond conditioned that he will prosecute his appeal with diligence to a decision, and that "if, on such appeal, the judgment of the justice be affirmed, or if, on a trial anew in the circuit court, judgment be given against him, that he will pay such judgment, and, if his appeal be dismissed, that he will pay the judgment of the justice, together with the costs," etc. The bond was given in accordance with this statute, and another section of the statute (Crawford & Moses' Digest, § 6531) provides that, in the case of an appeal from a justice of the peace, "if, on a trial anew in the circuit court, the judgment be against the appellant, such judgment shall be rendered against him and his securities in the appeal bond."

It has been decided by this court that, where the judgment omits the sureties on the appeal bond, a judgment may be rendered *nunc pro tunc* against the sureties at a subsequent term without notice to them. *Freeman* v. *Mears,* 35 Ark. 278. Notice was, however, given in the present case.

The court was correct in rendering the judgment, and the same is affirmed.