ROGERS v. RELIABLE FEED COMPANY.

Opinion delivered October 5, 1925.

ATTACHMENT—FORTHCOMING BOND—DISCHARGE.—The effect of adjudging that attached property belongs to an intervener is to discharge the sureties upon a forthcoming bond from liability to the plaintiff.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; reversed.

*Powell, Smead & Knox,* for appellant.

HUMPHREYS, J. Appellee, a partnership, instituted an attachment proceeding against H. N. McBride in the circuit court of Ouachita County to recover $1,473.70 on an open account for goods, wares, and merchandise which were sold to him. The writ of attachment was levied upon a lot of personal property in the possession of H. N. McBride. H. N. McBride executed a forthcoming bond with appellant as one of the sureties thereon, and retained the property. He filed an answer admitting the purchase of the goods, but alleged that he exchanged and assigned an account which Bradford, Rig & Realty Company owed him in payment of said goods. He also alleged that the personal property upon which the writ of attachment was levied belonged to Mrs. Mada R. Brown, who had leased it to him.

Mrs. Mada R. Brown filed an intervention in the attachment proceeding for said property, claiming to be the owner thereof.

Upon the trial of the cause, H. N. McBride confessed the indebtedness. The court found that the attached property belonged to Mrs. Mada R. Brown, the intervener, and adjudged the possession thereof to her.

The court then found that it was impossible for H. N. McBride and his bondsmen to return the property to appellee because same had been adjudged to the intervener, and rendered judgment for the amount of the indebtedness and interest against H. N. McBride, and a summary judgment against his bondsmen for said sum.

Appellant perfected an appeal to this court from the summary judgment rendered against him, and contends for a reversal thereof upon several grounds, only one of which we need consider in deciding the case. The bond was executed in conformity to and under the authority of § 514 of Crawford & Moses' Digest, which allows the sheriff to deliver attached goods to the person in whose possession it was found, upon the execution of a bond in double the value of the property, to the plaintiff, conditioned that the defendant shall perform the judgment of the court in the action, or that the property or its value shall be forthcoming and subject to the orders of the court for the satisfaction of the judgment. The trial court proceeded upon the theory that the legal effect of the bond was to release the attachment and lien upon the property, whereas the effect was to release the sheriff from the care and custody of the same and to transfer the possession thereof to the defendant to be held by him subject to the orders of the court in the attachment suit. The attachment lien remained intact, and the property subject to the orders of the court. *Adams* v. *Jacoway,* 34 Ark. 542; *McDonald* v. *Lowen,* 130 S. W. 52 (Mo.) ; *Lee* v. *Newton,* 87 S. W. 790 (Ky.) ; *Ourand* v. *Johnson,* 98 S. W. 127. The court adjudged the property levied upon to be the property of the intervener, thereby discharging the lien of appellee and its right to have a return of the property under the bond. The effect was to discharge the bondsmen, hence the court erred in rendering a summary judgment against them.

The judgment is reversed, and the cause is remanded with directions to discharge appellant from any obligation on the bond.