FORD v. WILSON.

Opinion delivered December 6, 1926.

1.  ATTACHMENT—DENIAL OF ALLEGATIONS OF AFFIDAVIT.—Though the
    allegations of an affidavit for attachment must be denied under
    oath, this may be done by a verified answer, under Crawford &
    Moses' Dig., § 568, though the usual and better practice is to file
    a controverting affidavit as provided in § 570, *Id.*

2.  ATTACHMENT—LIABILITY OF SURETIES ON DISCHARGING BOND.—
    Upon the dissolution of an attachment, the court properly refused
    to render judgment against the sureties on a discharging bond,
    under Acts 1891, p. 56.

3.  ATTACHMENT—QUESTIONS FOR JURY.—Where an attachment was
    issued as incident to an action to recover for work and labor
    performed, defendant's liability for the debt sued on was for the
    jury, but the question of discharging or sustaining the attachment
    was for the court.

4.  ATTACHMENT—GROUNDS—EVIDENCE.—Evidence *held* to support a
    finding that plaintiff did not establish the grounds of attachment
    alleged in his affidavit.

5.  EVIDENCE—WEIGHT AND SUFFICIENCY—TESTIMONY OF PARTY.—The
    testimony of a party to an action interested in the result cannot
    be regarded as undisputed in testing the legal sufficiency of
    evidence.

Appeal from Union Circuit Court, Second Division;
*W. A. Speer,* Judge; affirmed.

*Stewart & Oliver,* for appellant.

SMITH, J. Appellant, who was the plaintiff below,
instituted this action to recover $775 alleged to be due
him for work and labor performed for appellee, and, as
an incident to the suit, caused an attachment to be issued.

As ground of attachment it was alleged that appel-
lee had sold and was selling and disposing of his prop-
erty with the fraudulent intent of cheating, hindering
and delaying his creditors in the collection of their just
demands against him.

Appellee filed what is designated as a controverting
affidavit, in which it was denied that he was indebted to
appellant in any sum, but it contained no reference to
the grounds of attachment. Appellee filed, however, an
answer and cross-complaint, in which all the grounds for

attachment were categorically denied, and this pleading was duly verified. Appellee gave a discharging bond, which was conditioned that he should perform the judgment of the court in the cause.

The cause came on for trial, and appellee was not present, and no witness testified in his behalf. Appellant and other witnesses testified touching the demand sued on, and this issue was submitted to the jury, and a verdict was returned in appellant's favor for the full amount sued for. Upon the coming in of this verdict, appellant moved the court to render summary judgment against the sureties on the discharging bond for the amount of the debt; but this motion was denied, and the court refused to sustain the attachment, the attachment being dissolved for the reason "that there was not sufficient evidence to establish the grounds of attachment alleged in plaintiff's affidavit," and judgment was rendered accordingly. Appellant filed a motion for a new trial, and alleged, as ground therefor, the refusal of the court to render summary judgment against the sureties on the discharging bond. For the reversal of the judgment of the court below appellant insists: (a) that the undisputed testimony shows that the attachment should have been sustained; (b) that appellant having recovered judgment, the attachment should have been sustained under either § 542 or § 525, C. & M. Digest; and (c) that there was no issue as to the ground of attachment, in that no controverting affidavit had been filed by appellee.

Considering these questions in reverse order, it may be first said that, while what is called the controverting affidavit does not deny the alleged grounds of attachment, the answer does do so, and, as has been said, the answer was duly verified.

Appellant's argument is that the grounds of attachment must be denied, and can only be put in issue by complying with § 570, C. & M. Digest. This section provides that the defendant in an attachment may file an affidavit denying all the material statements of the affidavit upon which the attachment is issued, and that there-

upon the attachment shall be considered as contested, and that the affidavits of the plaintiff and the defendant shall be regarded as the pleadings in the attachment, and shall have no other effect. This section further provides that, when the attachment is obtained at the commencement of an action, the defendant may file his controverting affidavit in such time as is given by law for filing his defense, and that that period may be extended by the court for sufficient cause. This section of the statute first appears as § 280 of the Civil Code as a part of article 4 of the chapter on Attachments.

It is the usual, and, no doubt, the better, practice for a defendant who wishes to controvert the grounds of attachment against his property to put the right to an attachment in issue by filing a controverting affidavit, in compliance with this statute, but this is not the sole and only way of raising that issue.

Section 568, C. & M. Digest, provides: "If judgment is rendered in favor of the plaintiff, and no affidavit or answer, verified by oath, by the defendant filed, denying the statements of the affidavit upon which the attachment was issued, or motion made to discharge it, the court shall sustain the attachment." This section of the statute appears as § 278 of the Civil Code, and is a part of the same chapter from which § 280 of the Code was taken.

In the case of *Weibel* v. *Beakley,* 90 Ark. 454, 119 S. W. 657, an answer was filed denying two, but not all, of the grounds of the attachment alleged, and, upon the trial, judgment was rendered against the defendant, but the attachment was dissolved. On the appeal from that judgment the same was reversed, and the cause remanded with directions to sustain the attachment for the reason, among others, that § 414 of Kirby's Digest, which was there quoted, had not been complied with. This section of Kirby's Digest has been carried forward, and appears as § 568, C. & M. Digest, as quoted above.

It thus appears that, while the allegations of an affidavit for an attachment must be denied under oath

to make an issue as to the attachment, this may be done in a verified answer as well as by a controverting affidavit.

In the case of *Nelson* v. *Munch*, 23 Minn. 229, the Supreme Court of Minnesota said: "Upon a motion to dissolve an attachment a defendant may properly use his verified answer as an affidavit, so far as its contents are pertinent." See also *Sannoner* v. *Jacobson & Co.*, 47 Ark. 31, 14 S. W. 458; *Ballard* v. *Hunter*, 74 Ark. 174, 85 S. W. 252.

Upon the proposition that the attachment should have been sustained when judgment was awarded in plaintiff's favor, appellant cites § 525, C. & M. Digest. It is, however, pointed out in the case *Burgener* v. *Spooner*, 167 Ark. 316, 268 S. W. 6, that the digester had failed to include the amendment to this section found in the act of March 6, 1891 (Acts 1891, p. 56), adding a proviso as follows: "Provided, that the giving of this bond by the defendant shall not preclude his right to controvert the existence of the grounds stated by the plaintiff in his affidavit for the order of attachment." It was also pointed out in that case that the amendatory act of 1891 had, by implication, also amended § 542, C. & M. Digest, upon which appellant relies.

In the case of *Swift & Co.* v. *Cox*, 138 Ark. 606, 212 S. W. 83, it was held that liability on an attachment bond was discharged by the dissolution of the attachment.

It follows therefore that, having dissolved the attachment, the court was correct in refusing to render judgment against the sureties on the discharging bond, and therefore only the question remains to be considered whether the court erred in dissolving the attachment.

The court submitted the question of the liability of appellee for the debt sued on to the jury, but reserved to itself the question of discharging or sustaining the attachment. This has been held not only a proper, but the better, practice. *Von Berg* v. *Goodman*, 85 Ark. 605, 109 S. W. 1006; *Bank of Wynne & Trust Co.* v. *Stafford & Wimmer*, 129 Ark. 172, 195 S. W. 397; *Webber* v. *Rodgers*, 128 Ark. 27, 193 S. W. 87.

As has been said, the court found the fact to be "that there was not sufficient evidence to establish the grounds of attachment alleged in plaintiff's affidavit." It is earnestly insisted that this finding is contrary to the undisputed evidence.

It appears that no witness testified concerning the existence of the grounds for attachment except appellant himself, and the only testimony of this witness bearing directly upon this question is as follows: The witness, after testifying how appellee had become indebted to him, was asked the following questions: "Q. You allege in your complaint that, at the time you brought this suit and secured an attachment, the defendant was selling and disposing of his property. Tell the jury what you know about that." Appellant replied: "A. He sold everything he had left on the lease—standard rig—and disposed of everything." Appellant also testified that this sale was made before the suit was brought, and after appellee had promised to pay him and had failed to do so.

This is an indefinite and somewhat ambiguous answer, and more than one inference might be drawn from it. The property sold may have embraced only the property left on the lease. It does not necessarily or certainly show that appellee had removed or was about to remove his property, or a material part thereof, out of the State, not leaving enough therein to satisfy the plaintiff's claim or the claims of defendant's creditors, or that he had sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat, hinder or delay his creditors, these being the grounds of attachment alleged.

In the case of *Kansas City Sou. Ry. Co.* v. *Cockrell,* 169 Ark. 698, 277 S. W. 7, it was said: "* * * The rule established by our court is that the testimony of a party to an action, interested in the result, cannot be regarded as undisputed in testing the legal sufficiency of the evidence. *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764." See also *Brotherhood of R. R. Trainmen* v. *Foun-*

*taine,* 155 Ark. 578, 245 S. W. 17; *Gist* v. *Scantland,* 151 Ark. 594, 237 S. W. 98; *Paxton* v. *State,* 114 Ark. 393, 170 S. W. 80.

We conclude therefore, in view of this rule and the nature of the testimony quoted, that the court was warranted in the finding made.

As no error appears, the judgment must be affirmed, and it is so ordered.