THE CUE BALL COMPANY v. EAST ARKANSAS LUMBER COMPANY.

4-4690

Opinion delivered June 14, 1937.

O. D. Longstreth, J. A. Watkins and F. W. A. Eiermann, for appellant.

S. Hubert Mayes, for appellee.

SMITH, J. Appellee sued appellant in August, 1932, on an account. An affidavit, in proper form, was made for an attachment, upon which a writ of attachment was levied upon certain personal property belonging to appellant. Before the final trial of the cause an officer of

appellee, a corporation, sold the personal property for the sum of $300.

Numerous motions were filed and orders made, which we find it unnecessary to set out in this opinion, as the cause was finally submitted on a stipulation signed by the parties. We extract from it the following relevant and controlling recitals. Appellant was at that time indebted to appellee in the sum of $43.85, and it was agreed that judgment therefor might be entered in appellee's favor. This balance was arrived at by crediting on the debt the $300 proceeds of the sale of the personal property.

In this stipulation it was agreed that "* * * The only issues now to be tried in this case are: First: Was the attachment lawful and can it be sustained? Second: The legal measure of damages sustained by the Cue Ball Company, a corporation, on account of the taking and disposing of the property under the attachment in event the original attachment should not be sustained, agreed to be the value of the property so taken at the time of taking." There had been previously filed in the case a motion to sustain the attachment "For the reason that no controverting affidavit denying the statement of the affidavit upon which the attachment was issued has been filed by the defendant."

The court rendered judgment for $43.85, for the reason that the parties had stipulated that this should be done. The court sustained the attachment because no controverting affidavit was filed nor did the answer which was verified controvert the alleged grounds for attachment. The latter action was taken pursuant to the provisions of § 568, of Crawford & Moses' Digest, which reads as follows: "If judgment is rendered in favor of the plaintiff, and no affidavit or answer, verified by oath, by the defendant filed, denying the statements of the affidavit upon which the attachment was issued, or motion made to discharge it, the court shall sustain the attachment." *Weibel* v. *Beakley,* 90 Ark. 454, 119 S. W. 657; *Ford* v. *Wilson,* 172 Ark. 335, 288 S. W. 712.

The judgment is, therefore, correct, and must be affirmed. It is so ordered.