WRIGHT v. STEVENS.

4-8335                                    205 S. W. 2d 853

Opinion delivered November 24, 1947.

*Claude F. Cooper,* for appellant.

*Holland & Taylor,* for appellee.

SMITH, J. Appellee Stevens filed suit on a promissory note and an account against Odell Wright in the common pleas court of the Chickasawba District of Mississippi county, in which he prayed judgment in the sum of $379.54. He also filed an affidavit for an attachment against Wright in which he averred that Wright had departed from this state with the intent to defraud his creditors and had moved a material part of his property out of the state, not leaving enough to satisfy the plaintiff's demand, and is about to sell or otherwise dispose of his property, with the intent to cheat, hinder and delay his creditors.

The bond required by statute—§ 535, Pope's Digest—was executed and approved, and the attachment issued and was levied upon an automobile and a Farmall tractor.

Wright filed an answer in which he denied each and every material allegation of the plaintiff's complaint, and he also filed a controverting affidavit denying the allegations of the affidavit for the attachment. Bud Wright, father of Odell, filed an interplea in which he alleged that he was the owner of the automobile and the tractor, and that they were not, therefore, subject to seizure under the writ of attachment. Along with the interplea, Bud Wright filed a forthcoming bond, signed by himself and Roy McKay and T. J. Richardson, conditioned as required by law. An answer to the interplea was filed, denying its allegations.

The cause was heard in the common pleas court and it was adjudged that the interpleader was the owner of the automobile, but was not the owner of the tractor, and the attachment was sustained as to it. The court found also that Odell Wright was indebted to Stevens in the sum of $379.54, less a credit of $50.

It was further found and adjudged that the value of the tractor was $350, and it was ordered that Stevens have and recover of and from the said Bud Wright, Roy McKay and T. J. Richardson, sureties aforesaid, the amount of the said debt, and that in case the tractor is not delivered to the sheriff to be sold, "that the judgment be enforced against Bud Wright, Roy McKay and T. J. Richardson, sureties aforesaid, for so much of the judgment as shall not exceed the value of said property, and shall remain unsatisfied after the return of execution against the property of said defendant as aforesaid."

Odell Wright filed an affidavit for an appeal, and the appeal was perfected. Odell Wright and Bud, his father, as principals, with Roy McKay and T. J. Richardson, as sureties, executed the following supersedeas bond:

"Whereas, the appellants, Odell Wright, defendant, and Bud Wright, intervener, are taking an appeal from the judgment of the Circuit Court Chickasawba District of Mississippi county, Arkansas, rendered on the 23rd day of January, 1947, it being a regular day in the January term of the Circuit Court, in and for the Chickasawba District of Mississippi county, Arkansas, said judgment being in favor of E. E. Stevens, appellee, against Odell Wright, and Bud Wright in the sum of $346.49 against Odell Wright, and the sustaining of an attachment against one tractor alleged to belong to the intervener, and the appellants are desirous of superseding said judgment.

"Now, T. J. Richardson and Roy McKay, sureties, hereby covenant with the said appellee, E. E. Stevens, that they will pay all sums, including cost and damages that may be charged against the appellants, or, in the event of the failure of the appellants to perfect said appeal to a final judgment in the Supreme Court, or if said appeal, for any cause be dismissed, that said sureties shall perform the judgment of the court appealed from; also said appeal should be perfected without delay, and that said appellants shall satisfy and perform the judgment or order appealed from in case it should be affirmed.

"Dated this the 20th day of February, 1947."

Richardson and McKay were the same sureties who executed the bond on the appeal from the court of common pleas to the circuit court.

Upon the trial of the appeal in the circuit court, Stevens testified that Odell Wright had disposed of various articles of property, but it was not shown that he had left the state except temporarily to visit his wife, who was sick, in the State of Tennessee. It does not appear to be contended that Wright had left enough property in the state to satisfy Stevens' judgment.

The testimony fully sustains the verdict of the jury at the trial of the appeal in the circuit court, finding Odell Wright was indebted to Stevens in the sum of $329.54, with interest, and the attachment was also sustained by the jury.

Upon the question of the ownership of the tractor, the court charged the jury as follows: "You are told that if you find from the evidence in this case that Bud Wright in good faith, and for value, purchased the property from his son prior to the levy of the attachment, which was on April 4th, 1946, then you should find for the intervener, Bud Wright." This instruction put in issue the good faith of the intervener in purchasing the tractor from his son, and we cannot say that there was no testimony to support the verdict.

The action of the court in submitting to the jury the question of discharging or sustaining the attachment is criticized, but it is conceded that this court has held that this is a permissible practice, although the better practice is for the court itself to decide this question. *Von Berg v. Goodman,* 85 Ark. 605, 109 S. W. 1006; *Bank of Wynne & Trust Company v. Stafford & Wimmer,* 129 Ark. 172, 195 S. W. 397; *Ford v. Wilson,* 172 Ark. 335, 288 S. W. 712.

The judgment from which is this appeal recites that it appears that the tractor cannot be returned to the plaintiff, and that its value was $500, and it was ordered and adjudged that the plaintiff have and recover from

the said Roy McKay and T. J. Richardson, sureties aforesaid, the amount of said judgment.

It will be observed that the sureties on the supersedeas bond obligated themselves to perform the judgment of the court, and as the tractor cannot be produced, they are liable in a sum not exceeding the value of the tractor as was adjudged by the court, Odell Wright being one of the appellants.

Appellee expresses his satisfaction with his judgment and it will therefore not be necessary to make any order requiring the production of the tractor.

As no error appears, the judgment must be affirmed.