McFERRIN *v*. CLARKSVILLE WOOD INDUSTRIES, INC.

4-9212                                            230 S. W. 2d 49

Opinion delivered May 29, 1950.

Rehearing denied July 3, 1950.

*D. B. Bartlett* and *Jno. S. Gatewood,* for appellant.

*Brock & Branting,* for appellee.

LEFLAR, J. This case arises from a motion for summary judgment against the sureties on a forthcoming bond filed by the defendant after an attachment levied by the plaintiff McFerrin. The Circuit Court found the attachment to be void because title to the attached prop-

erty was in a third person, then denied the motion for summary judgment. The attaching plaintiff appeals only from the order denying his motion for summary judgment on the bond.

The principal question presented by the appeal is whether a statutory forthcoming bond remains effectual after the attachment, in connection with which the bond was given, is held to have been invalid. Our decisions say that the bond in such a case does not remain effectual. We have two separate sets of statutes under which such bonds may be filed, and the results reached under both have been the same.

One of the sets of statutes appears in Ark. Stats. §§ 31-124 and 31-126. *Rogers* v. *Reliable Feed Co.*, 169 Ark. 391, 275 S. W. 705, held that sureties on a forthcoming bond executed under these sections could not be held after it was determined that title to the attached property was in a third person and the attachment was therefore invalid.[1] Also see *Applewhite* v. *Harrell Mill Co.*, 49 Ark. 279, 5 S. W. 292.

The other set of statutes consists of §§ 31-136 and 31-162. These are the statutes under which the forthcoming bond in the present case was apparently filed. Originally these statutes were interpreted to leave the bondsmen liable even though the attachment be held void. *Ferguson* v. *Glidewell*, 48 Ark. 195, 2 S. W. 711. But in 1891 they were amended (§ 31-136) to provide that upon invalidation of an attachment the sureties on the forthcoming bond should be discharged. *Burgener* v. *Spooner*, 167 Ark. 316, 268 S. W. 6; *Ford* v. *Wilson*, 172 Ark. 335, 288 S. W. 712. This 1891 amendment is controlling in the present case.[2]

---

[1] This was despite the express language of § 31-126: "In any proceeding on this bond, it shall not be a defense that the property was not subject to the attachment." We do not now find it necessary to pass upon the suggestion that this holding was incorrect and should be overruled.

[2] It might be argued that the two sets of statutes were actually one unit, to be read together, so that the 1891 amendment to § 31-136 operated to repeal § 31-126 altogether. We do not now determine that possibility.

The third party intervener whose title in the present case was held to be superior to that of the plaintiff attaching creditor was a prior mortgagee named Umphrey, who intervened in the lawsuit for the purpose of claiming the attached chattels under his prior mortgage. The Circuit Court found that Umphrey's title under the mortgage was valid and superior, and accordingly dissolved the attachment. From this action of the Court the plaintiff did not appeal. But plaintiff now contends, as against the sureties on the bond, that the attachment was improperly dissolved because the mortgage did not describe the attached chattels with sufficient definiteness to include them within its coverage.

It is true that the mortgage did not specifically describe "200 bundles each containing 30 pieces, size 12″ x 12″, of hardwood flooring," which was the property attached. But the mortgage did include "two (2) carloads of oak lumber, random widths and lengths . . . and all other unfinished lumber hereafter acquired by mortgagor." This was broad enough to support the finding of the Circuit Judge, sitting without a jury, that the mortgage covered the attached property.

Our own examination of the record raises some doubt as to whether Umphrey's mortgage was ever filed with the recorder. If the mortgage was not filed it of course would not be binding on third persons such as the plaintiff here. Ark. Stats. § 16-201. Similarly, our examination raises a query whether the mortgage might not have been bad as to third persons like plaintiff on the ground that it covered part of a stock of goods exposed for sale while left in the mortgagor's possession. *Lund* v. *Fletcher*, 39 Ark. 325, 43 Am. Rep. 270; *Coffman* v. *Citizens' Loan & Inv. Co.*, 172 Ark. 889, 290 S. W. 961. The plaintiff (appellant) did not attack the mortgage on these grounds, and offered no affirmative evidence in support of either of them. In the absence of either argument or affirmative evidence that the intervener's mortgage failed on these grounds, we must accept the Circuit Judge's finding that the mortgage was valid.

On this basis, it follows that the Circuit Court was correct in its order holding that the sureties on the bond filed under § 31-136 were discharged. The judgment is affirmed.

GRIFFIN SMITH, C. J., not participating.